U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 1 4 2004

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISAINA

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | * | |
| | * | |
| **Plaintiff** | * | CIVIL ACTION NO. CV04-2405 |
| VERSUS | * | |
| | * | JUDGE MINALDI |
| DR. CLARK GUNDERSON AND | * | |
| LAKE CHARLES MEMORIAL HOSPITAL | * | MAGISTRATE JUDGE WILSON |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR DISMISSAL
## PURSUANT TO FEDERAL RULE 12(b)

JOHN S. BRADFORD (La. BR #03369)
WILLIAM B. MONK (La. BR #09551)
**STOCKWELL, SIEVERT, VICCELLIO,**
**CLEMENTS & SHADDOCK, L.L.P.**
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601
Telephone: 337 436-9491

STEPHEN B. MURRAY (La. BR #9858)
ARTHUR M. MURRAY (La. BR #27694)
NICOLE IEYOUB (La. BR #28088)
**THE MURRAY FIRM**
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000
Telephone: 504 525-8100

THOMAS A. FILO (La. BR #18210)
MICHAEL K. COX (La. BR #22026)
**COX, COX, FILO & CAMEL**
723 Broad Street
Lake Charles, LA 70601
Telephone:  337 436-6611

**ATTORNEYS FOR DEFENDANTS**

## **TABLE OF CONTENTS**

Introduction ................................................................................................................................. 1

The Declaratory Judgment Action ............................................................................................. 3

    Exclusivity of Jurisdiction with the Louisiana Office of
    Workers' Compensation ...................................................................................................... 3

    There is No Federal Question ............................................................................................. 5

    These Workers' Compensation Claims are Specifically Excluded
    Under ERISA ...................................................................................................................... 6

    Only Complete ERISA Preemption Can Confer Federal Question
    Jurisdiction ......................................................................................................................... 6

    Mandatory Absention and Dismissal is Required under *Jackson II* .................................. 8

    Discretionary Abstention ................................................................................................... 10

The Breach of Contract Claim .................................................................................................. 13

Conclusion ................................................................................................................................ 15

## TABLE OF AUTHORITIES

Arana v. Oschner Health Plan, 338 F.3d 433 (5th Cir. 2003) ......................................... 7

Burford v. Sun Oil Co., 319 U.S. 315 (1943) ...................................................... 11, 12

Dallas County Hospital District v. Associates Health & Welfare Plan,
322 F.3d 888 (5th Cir. 2003) ...................................................................... 7

Ellender's Portable Buildings, Inc. v. Cormier, 787 So.2d 601 (La.App. 3 Cir. 2001) ................ 4

George v. Reliance Ins. Co. Co., 856 So.2d 1267 (La.App. 3 Cir. 2003) ................................... 14

Granite State Insurance Co. v. Tandy, 986 F.2d 94 (5th Cir. 1992) ............................................. 11

Hernandez v. Jobe Concrete Products, Inc., 282 F.3d 360 (5th Cir. 2002) ................................... 6

Lakeland Anestesia, Inc. v. AETNA U.S. Healthcare, 2000 WL 7779111
(E.D. La. 2000) ...................................................................................... 7

Martin-Trigona v. Blongton Federal Savings and Loan Association, 428 N.E. 2d 1028
(Ill. App. 1981) ...................................................................................... 14

McClelland v. Gronwaldt, 155 F.3d 507 (5th Cir. 1998) ............................................... 6

Memorial Hospital System v. Northbrook Life Insurance Co., 904 F.2d 236
(5th Cir. 1990) ...................................................................................... 7

Metro Riverboat Associates, Inc. v. Bally's Louisiana, Inc., 142 F.Supp.2d 765
(E.D. La. 2001) ...................................................................................... 11, 12

Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58 (1987) ......................................... 7

Nassif v. Sunrise Homes, 739 So.2d 183 (La. 1999) .................................................... 14

Primeaux v. K-Mart, Louisiana Third Circuit Court of Appeal, Docket WCA-04-1351 .............. 2

Rowan Companies v. Griffin, 876 F.2d 26 (5th Cir. 1988) ......................................... 11

Ryder Services Corporation v. Preston Clyde Savage, 945 F.Supp. 232 (N.D. Al. 1996) ........ 4, 5

Society of Mount Carmel v. National Ben Franklin Insurance Co., 643 N.E.2d 667
(Ill. App. 1999) ........................................................................................................... 14

Texas Exmployers' Insurance Association v. Jackson, 862 F.2d 491 (5th Cir. 1988) ........ 8, 9, 10

The Complaint of River City Towing Services, Inc., 199 F.Supp2d 495
(E.D. La. 2002) ........................................................................................................... 10

Torch, Inc. v. LeBlanc, 947 F.2d 193 (5th Cir. 1991) ................................................... 11

Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.,
996 F.2d 774 (5th Cir. 1993) ........................................................................................ 11

Village of Orland Park v. First Federal Savings and Loan of Chicago,
481 N.E. 2d 946 (Ill. App. 1985) .................................................................................. 14

W.E. O'Neil Co. v. General Casualty of Illinois, 748 N.E. 2d 667
(Ill. App. 2001) ........................................................................................................... 14

ERISA §502 ............................................................................................................... 7

ERISA §514(a) ........................................................................................................... 7

LSA-R.S. 23:1201 et seq. ............................................................................................. 4

LSA-R.S. 23:1203 ............................................................................................. 1, 2, 3, 4

LSA-R.S. 23:1034.2 .............................................................................................. 1, 3, 4

LSA-R.S. 23:1310.3(E) .............................................................................................. 1, 3

28 U.S.C. § 2283 .......................................................................................................... 3

29 U.S.C. § 1003(b)(3) ................................................................................................. 6

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

**LIBERTY MUTUAL INSURANCE COMPANY** *
                                                        *
                                    **Plaintiff**        *        **CIVIL ACTION NO. CV04-2405**
**VERSUS**                                              *
                                                        *        **JUDGE MINALDI**
**DR. CLARK GUNDERSON AND**                             *
**LAKE CHARLES MEMORIAL HOSPITAL**        *        **MAGISTRATE JUDGE WILSON**
                                                        *
                                    **Defendants**       *
* * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR DISMISSAL
## PURSUANT TO FEDERAL RULE 12(b)

MAY IT PLEASE THE COURT:

LIBERTY MUTUAL brings this Declaratory Judgment/Breach of Contract action in spite

of (and in fact because of) the pendency of workers' compensation claims previously filed by

defendants, DR. CLARK GUNDERSON (GUNDERSON) and LAKE CHARLES MEMORIAL

HOSPITAL (LCMH) before the Louisiana Office of Workers' Compensation, District 03. A

copy of these pending workers' compensation claims are attached hereto as Exhibits "A" and

"B". Both of these workers' compensation claims were brought pursuant to LSA-R.S. 23:1203

and LSA-R.S. 23:1034.2 before the Office of Workers' Compensation which has <u>exclusive</u>

jurisdiction over these claims pursuant to LSA-R.S. 23:1310.3(E).

These claims involve disputes between GUNDERSON and LCMH on the one hand,

and LIBERTY MUTUAL and their respective employers on the other hand, for underpayment

1

of workers' compensation medical bills below the Louisiana Fee Schedule (along with claims for penalties and attorney fees for arbitrary and capricious underpayment of the bills in question). LIBERTY MUTUAL contends that defendants entered into PPO network contracts with First Health (who in turn contracted with LIBERTY MUTUAL) which allowed LIBERTY MUTUAL to reimburse the defendants at a "discounted rate" below that mandated by LSA-R.S. 23:1203.

In addition to the workers' compensation claims brought by defendants, GUNDERSON and LCMH, other health care providers (including Dr. Frank Lopez and Dr. Lynn Foret) have filed similar workers' compensation claims against LIBERTY MUTUAL (and various employers). LIBERTY MUTUAL has not, however, brought a Declaratory Judgment action as to these claims presumably because those claims could not possibly meet the jurisdictional amount required for diversity jurisdiction.

LIBERTY MUTUAL now asks this Court to enter a Declaratory Judgment which would effectively dispose of DR. GUNDERSON and LCMH's workers' compensation claims against LIBERTY MUTUAL since their respective claims turn on the validity of the "PPO contract defense" asserted by LIBERTY MUTUAL. The validity of similar PPO contracts has already been adjudicated in **Primeaux v. K-Mart** wherein the Workers' Compensation Judge issued a ruling directly adverse to LIBERTY MUTUAL'S position here. (A copy of the Hearing Officer's Reasons for Judgment is attached hereto as Exhibit "C".) The **Primeaux** decision has been appealed and is currently pending before the Louisiana Third Circuit Court of Appeal docket WCA-04-1351.

2

## THE DECLARATORY JUDGMENT ACTION

Notwithstanding these previously filed workers' compensation claims, LIBERTY MUTUAL seeks to have this Honorable Court issue a Declaratory Judgment which would in, essence, enjoin the Office of Workers' Compensation (the only tribunal granted jurisdiction over these workers' compensation claims) from adjudicating DR. GUNDERSON and LCMH's pending claims. As set forth below, LIBERTY MUTUAL's Declaratory Judgment action should be dismissed on the following grounds:

1.   Exclusive jurisdiction over these claims lies solely with the Louisiana Office of Workers' Compensation;

2.   The declaratory relief sought is tantamount to injunctive relief expressly prohibited by the Anti-Injunction Act, 28 U.S.C. 2283; and

3.   Given the purely state law nature of the claims, the Court should exercise its broad discretion and decline LIBERTY MUTUAL's invitation to issue a Declaratory Judgment and/or abstain should the Court find that it has jurisdiction and mandatory abstention is not required.

## Exclusivity of Jurisdiction with the Louisiana Office of Workers' Compensation

It is clear that Louisiana Workers' Compensation scheme is solely a creature of state law and involves no federal issues whatsoever. Moreover, the Louisiana legislature has vested the Office of Workers' Compensation with exclusive original jurisdiction over all claims arising under the Louisiana Workers' Compensation Act. See LSA-R.S. 23:1310.3(E). The cause of action for underpayment of these workers' compensation bills is found in LSA-R.S. 23:1203 which requires reimbursement of medical bills at the health care providers actual charges or the Louisiana Fee Schedule, whichever is less.  LSA-R.S. 23:1034.2(F)

3

specifically provides that any claim for underpayment of medical bills be brought by a health care provider via a claim with the Louisiana Office of Workers' Compensation.

Under Louisiana law, the Office of Workers' Compensation has <u>exclusive</u> jurisdiction over all claims which "arise out of" the Louisiana Workers' Compensation Act. See **Ellender's Portable Buildings, Inc. v. Cormier**, 787 So.2d 601 (La.App. 3 Cir. 2001). Not only do DR. GUNDERSON and LCMH's claims for underpayment of bills "arise out of" Title 23:1201 et seq., but they do not "arise out of" any other provision of law. In short, "but for" the specific provisions of the Louisiana Workers' Compensation Act (LSA-R.S. 23:1203 and 23:1034.2(F)), DR. GUNDERSON and LCMH would simply have no cause of action against LIBERTY MUTUAL for underpayment of workers' compensation bills.

Clearly, the Louisiana legislature has vested the Office of Workers' Compensation with exclusive jurisdiction over all causes of action created under the Louisiana Workers' Compensation Act. Consequently, jurisdiction does not lie with this Court (or any other court for that matter) to adjudicate the issues which LIBERTY MUTUAL attempts to raise here.

A remarkably similar situation addressing this very issue is found in the case of **Ryder Services Corporation vs. Preston Clyde Savage**, 945 F.Supp. 232 (N.D. Al. 1996). In **Ryder**, the employer attempted to bring a declaratory judgment for non-liability as to a <u>prospective</u> claim for workers' compensation in Alabama Federal Court. No workers' compensation claim had yet been filed. In analyzing whether the Court could or should entertain such a request, the Court found that the Alabama legislature had specifically granted jurisdiction over workers' compensation matter to the Alabama <u>state</u> circuit court. The short, well reasoned opinion concluded that the Federal Court did not have the power to rule upon

4

the workers' compensation matter and, alternatively, even if it did, it would have exercised its discretion in declining jurisdiction, for a number of reasons articulated in the opinion. (A copy of this decision is attached hereto as Exhibit "D".)

As in **Ryder**, this Court is faced with a Declaratory Judgment request asking the Court to find that LIBERTY MUTUAL is not liable for the claims asserted in a workers' compensation matter.  Unlike **Ryder** however, this case involves already filed (not just anticipated) state workers' compensation claims.  Since the claims before this court are currently pending before the Louisiana Office of Workers' Compensation, not only is the rationale of **Ryder** that much stronger, but, as discussed below, violation of the Anti-Injunction Act also comes into play.  For these reasons, this Court should find that exclusive jurisdiction to adjudicate the claims set forth in LIBERTY MUTUAL's Declaratory Judgment action lies, not with this Court, but with the Louisiana Office of Workers' Compensation.

## There is No Federal Question

In an attempt to persuade this Court that these workers' compensation claims somehow involve federal issues, LIBERTY MUTUAL makes the false assertion that these claims are pre-empted by ERISA.  LIBERTY MUTUAL is wrong for two (2) reasons:

1.  Claims arising under workers' compensation are specifically excluded from ERISA; and

2.  Even if they were not excluded (and they are) only complete-preemption gives rise to the federal question jurisdiction and complete preemption is clearly not present here.

5

## These Workers' Compensation Claims are specifically excluded under ERISA

Section 1003(b)(3) of ERISA specifically states that ERISA "shall not apply to any employee benefit plan if . . . such a plan is maintained solely for the purpose of complying with applicable workmens compensation laws" **29 U.S.C. § 1003(b)(3)**.

The Fifth Circuit addressed this exclusion in **Hernandez v. Jobe Concrete Products, Inc.**, 282 F.3d 360 (5th Cir. 2002) wherein the Court held that if the employer in Texas had not opted out of the state workers' compensation scheme, the claim would have been excluded from ERISA. Since, as discussed above, this matter relates to workers' compensation claims arising out of the Louisiana Workers' Compensation Act, and since LIBERTY MUTUAL's workers' compensation coverage constitutes a "plan maintained solely for the purpose of complying with applicable workers' compensation laws" ERISA does not, and cannot possibly, cover these claims. Accordingly, LIBERTY MUTUAL's claims are excluded under ERISA and cannot be preempted.

## Only complete ERISA preemption can confer federal question jurisdiction

In attempting to convince this Court that this action is <u>completely</u> preempted by ERISA, LIBERTY MUTUAL confuses conflict or "ordinary" preemption (which does <u>not</u> confer federal jurisdiction) with <u>complete</u> preemption (which most decidedly <u>does</u> confer federal question jurisdiction).

It is well settled that in order for complete preemption under ERISA to exist (thereby supplying federal question jurisdiction) the claimant MUST seek relief within the scope of Section 502(a) of the civil enforcement provisions. **McClelland v. Gronwaldt**, 155 F.3d 507

6

(5th Cir. 1998) and **Arana v. Oschner Health Plan**, 338 F.3d 433 (5th Cir. 2003).  Ordinary or "conflict" preemption arises under §514(a) (rather than §502) of ERISA and <u>DOES NOT</u> supply federal question jurisdiction (although it may provide a defense to a state law claim). See **Metropolitan Life Insurance Company v. Taylor**, 481 U.S. 58 (1987).

In order to seek such relief, the claimant must have "standing" to bring a claim.  Neither LIBERTY MUTUAL nor the health care providers have <u>standing</u> to bring an ERISA claim since they are not plan participants as beneficiaries.  See **Memorial Hospital System v. Northbrook Life Insurance Co.**, 904 F.2d 236 (5th Cir. 1990).

LIBERTY MUTUAL would never have standing to bring a claim under ERISA.  Health Care Providers only have standing where an ERISA plan participant executes a valid assignment to the health care provider to enforce his or her rights under a valid ERISA plan. See **Dallas County Hospital District v. Associates Health & Welfare Plan**, 322 F.3d 888 (5th Cir. 2003).  LIBERTY MUTUAL has not, and <u>cannot</u> make any evidentiary showing that any ERISA plan is involved in the state workers' compensation claims filed by DR. GUNDERSON and LCMH.  Without an ERISA plan, let alone identification of a plan beneficiary and valid assignment, complete preemption under ERISA is lacking. See **Lakeland Anesthesia, Inc. v. AETNA U.S. Healthcare**, 2000 WL 7779111 (E.D. La. 2000).  Without complete preemption the court has no federal question jurisdiction.

Accordingly, because there exists no federal question and because this Court further lacks jurisdiction over any workers' compensation matters, this Motion to Dismiss should be granted on jurisdictional grounds alone.

## **Mandatory Abstention and Dismissal Is Required under Jackson II**

In this case the Declaratory Judgment sought by LIBERTY MUTUAL is prohibited by the rule of law enunciated in the Fifth Circuit En Banc decision of **Texas Employers' Insurance Association v. Jackson**, 862 F.2d 491 (5th Cir. 1988) (widely known also as **Jackson II**).

The **Jackson II** decision involved a declaratory judgment action filed by a Longshore Harbors Workers' Compensation carrier in Texas Federal Court attempting to declare that a pending Texas State Court Action against it was preempted by the Longshore Harbor Workers Act. The Fifth Circuit, en banc, declared that notwithstanding the fact that the state court suit probably <u>was</u> preempted by the Longshore Harbor Workers Act, the Federal Court was nevertheless prohibited from issuing a declaratory judgment. In its reasoning, the Fifth Circuit found that such a Declaratory Judgment was tantamount to enjoining a state court proceeding in direct violation of the <u>Anti-Injunction Act</u>.

The Court held:

> When a state lawsuit is pending, more often that not, issuing a declaratory judgment will be tantamount to issuing an injunction providing the plaintiff an end-run around the requirements of the <u>Anti-Injunction Act</u>."

**Jackson II** at 506

Accordingly, as a general rule, a district court <u>may not</u> consider the merits of an action for declaratory judgment when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same

8

issues as these involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effect its Judgments 28 U.S.C. 2283.

None of the exceptions to the Anti-Injunction Act are present here.  Likewise, this Declaratory Action meets all three of tests required for dismissal under **Jackson II**. Specifically, the plaintiff in this Declaratory Judgment Action has been named a defendant in a pending state court proceeding by the named defendants here.  The relief sought seeks to declare that the workers' compensation claim for underpayments are invalid and would clearly defeat the workers' compensation claims. According to the Complaint, LIBERTY MUTUAL seeks to declare that:

> "(a)   Dr. Gunderson's Provider Agreement and Lake Charles' Provider Agreement are valid and enforceable;
>
> (b)   Pursuant to these enforceable contracts, Liberty Mutual only is obligated to pay Dr. Gunderson and Lake Charles the negotiated rates for medical service performed for employees of Liberty Mutual's insureds' employers;
>
> (c)   Dr. Gunderson and Lake Charles are not entitled to be paid amounts in excess of the negotiated rates; and
>
> (d)   Dr. Gunderson and Lake Charles have no cause of action under any law, statute, or regulation against Liberty Mutual arising out of Liberty Mutual's payment of medical fees."
>
> (See Page 16 of the Complaint)

9

This declaratory relief seeks to nullify or invalidate the very claims for underpayments asserted in GUNDERSON and LCMH's workers' compensation claims and thus raises the same issues. Finally, this action does not fall within any of the permissible exceptions and therefore violates the <u>Anti-Injunction Act</u>. Since the three part test annunciated in **Jackson II** has been met, this Declaratory Judgment Action is nothing more than a prohibited injunction in declaratory judgment clothing and must be dismissed.

The **Jackson II** decision is the law of the Fifth Circuit and has been followed by numerous courts. For a good recent discussion of the applicability of **Jackson II** see **The Complaint of River City Towing Services, Inc.**, 199 F.Supp.2d 495 (E.D. La. 2002). Under **Jackson II** the Fifth Circuit has declared that the "issuance of a declaratory judgment in such situations would be antithetical to the  noble purpose of federalism and comity. **Jackson II** at 505. This Declaratory Judgment Action sought by LIBERTY MUTUAL cannot be entertained under the dictates of **Jackson II** which requires mandatory abstention in a case such as this.  To hold otherwise would impermissibly enjoin the Office of Workers' Compensation from adjudicating an action properly before that forum.  Accordingly, defendant's Motion to Dismiss should be granted on grounds that this action violates the <u>Anti-Injunction Act</u>.

### Discretionary Abstention

Even if this Honorable Court were to find that it has jurisdiction and that the Declaratory Judgment action does not violate the <u>Anti-Injunction Act</u>, it should exercise its broad discretion and dismiss this action.

A Federal Court is under no obligation to maintain and resolve any Declaratory Judgment action. See **Granite State Insurance Co. v. Tandy**, 986 F.2d 94 (5th Cir. 1992) and **Torch, Inc. v. LeBlanc**, 947 F.2d 193 (5th Cir. 1991). Whether to entertain a Declaratory Judgment is purely discretional. **Rowan Companies v. Griffin**, 876 F.2d 26 (5th Cir. 1988). In exercising this discretion, the District Court is <u>required</u> to balance the purposes of the Declaratory Judgment act against the factors related to the Abstention Doctrine. **Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.**, 996 F.2d 774 (5th Cir. 1993). In other words, a Court must consider the factors requiring abstention in determining whether to entertain any Declaratory Judgment Action.

Here, all of the factors weigh in favor of abstention. The Abstention Doctrine most applicable to the instant case is the **Burford Abstention Doctrine** as enunciated in **Burford v. Sun Oil Co.**, 319 U.S. 315 (1943).

A good discussion of the applicability of the **Burford Abstention Doctrine** is found in **Metro Riverboat Associates, Inc. v. Bally's Louisiana, Inc.**, 142 F.Supp.2d 765 (E.D. La. 2001). As explained in **Metro**, abstention is proper if the following five (5) factors weigh in favor of abstention. These five (5) factors are:

1. Whether the cause of action arises under state or federal law;

2. Whether the case requires inquiry into unsettled issues of state law or into local facts;

3. The importance of the state interest involved;

4. The state need for a coherent policy in the area; and

11

5.   The presence of a special state forum for judicial review.

**Metro Riverboat** at 149.

Here ALL FIVE FACTORS weigh in favor of abstention, because the Declaratory Judgment action 1) is brought against state workers' compensation claims based solely on state law 2) which were brought in a special state forum (The Office of Workers' Compensation) 3) to adjudicate rights and liabilities under a state statutory workers' compensation scheme 4) which is recognized to involve important state interests codified into a coherent policy by the Louisiana legislature and 5) involve no issues of federal law. Clearly abstention should be required under the **Burford Doctrine**. Failure to abstain would interfere with the important state interest Louisiana has in administering the mandatory workers' compensation scheme contained in Title 23 of the Revised Statutes. Accordingly, this Court should abstain under the doctrine of **Burford v. Sun Oil Co.**, supra.In addition to the **Burford** factors, this Court should refuse to grant the Declaratory Judgment for a number of purely practical reasons. First, the granting of a Declaratory Judgment would not impact the ability of Dr. Gunderson and LCMH to proceed against the various employers (who have been joined as co-defendants in the workers' compensation claims). LIBERTY MUTUAL did not join these employer defendants as plaintiffs herein  because many of the employers are Louisiana employers and Diversity Jurisdiction would have been destroyed by their joinder.

Second, the Declaratory Judgment Action would not enjoin any of the other workers' compensation claims presently pending by other health care providers against LIBERTY MUTUAL. Again, LIBERTY MUTUAL was not able to name those health care providers as

12

defendants herein because the amount in controversy clearly falls below the $75,000.00 threshold for Federal Court Jurisdiction.

Because a Declaratory Judgment rendered herein would have no preclusive effect upon other workers' compensation claims against LIBERTY MUTUAL and/or LIBERTY MUTUAL'S insured employers, a risk that conflicting or inconsistent rulings would occur weighs heavily in favor of abstention.

For all of the reasons set forth above, this Honorable Court should exercise its broad discretion and dismiss LIBERTY MUTUAL'S Declaratory Judgment action regardless of whether mandatory abstention is required.

### THE BREACH OF CONTRACT CLAIM

LIBERTY MUTUAL's breach of contract claim must likewise be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

Setting aside the issue of whether a claim for breach of contract could ever be maintained where the alleged breach is nothing more than a party's attempt to seek judicial interpretation of the validity of a contract provision, LIBERTY MUTUAL's complaint seeks relief not allowed for under either Louisiana or Illinois law.

Although LIBERTY MUTUAL is not a party to the First Health Agreement(s) between GUNDERSON and LCMH on the one hand and FIRST HEALTH on the other, LIBERTY MUTUAL contends that it is a third party beneficiary of these contracts (copies of the First Health contracts are attached hereto as Exhibit "E").  The First Health Contracts state that Illinois law shall govern the contracts.  (See Governing Law provision.)

13

Under Illinois law, (or Louisiana law for that matter), damages are a necessary element of a cause of action for breach of contract. See **Village of Orland Park v. First Federal Savings and Loan of Chicago**, 481 N.E. 2d 946 (Ill. App. 1985) and **Martin-Trigona v. Blongton Federal Savings and Loan Association**, 428 N.E. 2d 1028 (Ill. App. 1981). The only element of damages for the alleged breach of contract set forth in LIBERTY MUTUAL's Complaint is "attorney fees" (presumably the attorney fees incurred in defending the state workers' compensation claims).

It is well settled in Illinois (as in Louisiana) that attorney fees are not recoverable as damages unless specifically authorized by statute or contract. See **W.E. O'Neil Co. v. General Casualty of Illinois**, 748 N.E. 2d 667, (Ill. App. 2001) and **Society of Mount Carmel v. National Ben Franklin Insurance Co.**, 643 N.E. 2d 667 (Ill. App. 1999). This rule of law is identical to Louisiana law which also prohibits recovery of attorney fees unless authorized by statute or contract. See **George v. Reliance Ins. Co.**, 856 So.2d 1267 (La.App. 3 Cir. 2003) and **Nassif v. Sunrise Homes**, 739 So.2d 183 (La. 1999).

The First Health contracts at issue DO NOT contain an attorney fees provision authorizing the recovery of attorney fees and LIBERTY MUTUAL cites no authority for recovery of attorney fees under any statute. Accordingly, the only element of damages claimed by LIBERTY MUTUAL is not recognized under Illinois or Louisiana law, and therefore LIBERTY MUTUAL fails to state a claim upon which relief can be granted.

The only other vague allegation as to any relief being sought under the breach of contract claim is a reference to "indemnity" (presumably as a result of an adverse judgment). However, for there to be adverse judgment in the workers' compensation suits the Court must

14

find that the contractual provisions relied on by LIBERTY MUTUAL are invalid. Since no cause of action could exist for breach of an <u>invalid</u> contract provision, LIBERTY MUTUAL could not possibly have a claim for indemnity against GUDNERSON and LCMH. Moreover, there is no contractual indemnity provision in the contracts nor does LIBERTY MUTUAL cite any indemnity which would arise by operation of law. Again, LIBERTY MUTUAL has failed to state a claim for breach of contract and thus failed to state a claim upon which relief could be granted.

Finally, since attorney fees are not recognized as recoverable damages under law and since no other damages can give rise to a breach of contract claim, the $75,000.00 "amount in controversy" for diversity jurisdiction is not met. Accordingly, defendants' 12(b) Motion to Dismiss the Breach of Contract claim should be granted as the claim does not meet the jurisdictional amount as required by 28 U.S.C. 1332.

### CONCLUSION

With this lawsuit LIBERTY MUTUAL attempts an end run around matters already properly pending before the Louisiana Office of Workers' Compensation. LIBERTY MUTUAL seeks a ruling from this Court that would disrupt, usurp and deprive the Louisiana Office of Workers' Compensation from adjudicating claims for underpayment of workers' compensation medical bills brought by DR. GUNDERSON and LCMH against LIBERTY MUTUAL.

For all of the reasons set forth above, this Honorable Court should dismiss LIBERTY MUTUAL'S Complaint on grounds that:

1.     This Court lacks jurisdiction over these workers' compensation matters.

15

2.    The declaratory relief sought violates the Anti-Injunction Act.

3.    Abstention is warranted under **Burford v. Sun Oil Co.**

4.    LIBERTY MUTUAL has failed to state a cause of action for breach of contract.

5.    Diversity jurisdiction is lacking for any breach of contract action as the jurisdictional amount is not met.

Accordingly, defendants, GUNDERSON and LCMH, respectfully pray that the Complaint be DISMISSED in its entirety at LIBERTY MUTUAL'S cost.

Respectfully submitted,

**STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, L.L.P.**

By: _____
JOHN S. BRADFORD (La. BR #03369)
WILLIAM B. MONK (La. BR #09551)
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601
Telephone: 337 436-9491

THOMAS A. FILO (La. BR #18210)
MICHAEL K. COX (La. BR #22026)
**COX, COX, FILO & CAMEL**
723 Broad Street
Lake Charles, LA  70601
Telephone:  337 436-6611

STEPHEN B. MURRAY (La. BR #9858)
ARTHUR M. MURRAY (La. BR #27694)
NICOLE IEYOUB (La. BR #28088)
**THE MURRAY FIRM**
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000
Telephone: 504 525-8100

**ATTORNEYS FOR CLARK A. GUNDERSON, M.D., ET AL**

16

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing Memorandum in Support of Motion

to Dismiss, was this day served on all known counsel of record, via e-mail only. A hard copy

will be sent by U.S. mail if requested.

Lake Charles, Louisiana, this _14th_ day of December, 2004.

WILLIAM B. MONK

17