RECEIVED
IN LAKE CHARLES, LA
DEC 0 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE CO. | : | DOCKET NO. 04-2405 |
| VS. | : | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON AND LAKE CHARLES MEMORIAL HOSPITAL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Defendants' Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b)" (doc. #118) filed by Dr. Clark A. Gunderson and Lake Charles Memorial Hospital, wherein the movers seek to have this Court vacate its prior Judgment in favor of Liberty Mutual Insurance Company. For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

For a complete recitation of the facts in this case, see the Memorandum Ruling dated April 13, 2005, (doc. #54) as stated therein.

## LAW AND ANALYSIS

Defendants seek to have this Court vacate its prior amended judgment dated April 12, 2006 pursuant to Federal Rule of Civil Procedure 60(b).[1] First, the motion to vacate is untimely. Rule 60(b) requires that a motion for relief must have been filed within a reasonable time, or "not more than one year after the judgment, order or proceeding was entered or taken."[2] Even though Defendants' motion is to vacate the Judgment dated April 12, 2006 which ruled on the merits of the case, Defendants seek

---

[1] The original judgment was dated February 15, 2006.

[2] Fed. R. Civ. P. 60(b).

to have the Court vacate the Judgment based on lack of jurisdiction. The matter of jurisdiction was adjudicated in the Memorandum Ruling and Judgment dated April 13, 2005 (docs. 54 & 55). The Court finds that Defendants' attempt to vacate the judgment on the merits based on lack of jurisdiction which was determined some 18 months ago is untimely.

Furthermore, '[r]ule 60(b) relief will be afforded only in 'unique circumstances,'"[3] and the "extraordinary relief afforded by rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief."[4] Defendants have failed to assert any unique circumstances that would justify this Court setting aside its prior judgment.

Finally, even though the Court has found that Defendant's motion is untimely, we have reviewed and considered the case law presented by both parties and conclude that this Court clearly has subject matter jurisdiction over the claims in this case.[5] As reiterated in *Begay, etc., et al v. The Kerr-McGee Corp., et al,*[6] "state law may not control or limit the diversity jurisdiction of the federal courts. The district court's diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C. § 1332(a). Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law."

## CONCLUSION

For the foregoing reasons, the motion to vacate filed by defendants, Dr. Clark Gunderson and

---

[3] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

[4] *Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004) citing *Pryor*, 769 F.2d at 286.

[5] See *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570 (1961); See also *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961)(states have no power to enlarge or contract the federal jurisdiction); *Pankow Constr. Co. v. Advance Mortgage Corp.*, 618 F.2d 611, 613 (9th Cir. 1980)("State rules will not be applied 'to thwart the purposes of statutes of the United States.'")

[6] 682 F.2d 1311 (9th Cir. 1982).

Lake Charles Memorial Hospital will be denied as untimely.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of December, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE