## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE** | * | |
| **COMPANY, ET AL.** | * | |
| | * | |
| **Plaintiffs** | * | **CIVIL ACTION NO. CV04-2405** |
| **VERSUS** | * | |
| | * | **JUDGE TRIMBLE** |
| **DR. CLARK GUNDERSON AND** | * | |
| **LAKE CHARLES MEMORIAL HOSPITAL,** | * | |
| **ET. Al,** | * | **MAGISTRATE JUDGE METHVIN** |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, IMPROPER VENUE AND FAILURE TO JOIN NECESSARY PARTIES

--------------------------------------------------------------------------------

JOHN S. BRADFORD (La. BR #03369)
WILLIAM B. MONK (La. BR #09551)
**STOCKWELL, SIEVERT, VICCELLIO,**
**CLEMENTS & SHADDOCK, L.L.P.**
One Lakeside Plaza, Fourth Floor
P. O. Box 2900
Lake Charles, LA 70602
Telephone: 337 436-9491

THOMAS A. FILO (La. BR #18210)
MICHAEL K. COX (La. BR #22026)
**COX, COX, FILO & CAMEL**
723 Broad Street
Lake Charles, LA 70601
Telephone: 337 436-6611

STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
NICOLE IEYOUB (#28088)
**THE MURRAY FIRM**
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000
Telephone: 504 525-8100

ATTORNEYS FOR DEFENDANT-PROVIDERS

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………………………iii

Defendants' Opposition to CCN's Motion for Summary Judgment……………………………...1

    A.  Plaintiffs have failed to join parties required by Fed. R. Civ. P. 19…………………..2

    B.  Plaintiffs' Declaratory Action is tantamount to removal in violation of
        28 USC 1445(c)…………...…………………………………………………………..3

    C.  Alternatively, the Court should exercise its broad discretionary power
        and abstain from Plaintiffs' action…………………………………………………….5

    D.  Plaintiffs' action arises under Louisiana state law, and therefore this
        Court lacks jurisdiction under 28 USC 1331………………………………………….7

    E.  Plaintiffs have failed to allege (much less meet) the jurisdictional amount
        required by 28 USC 1332………………………………………………………………..8

    F.  The Louisiana Workers' Compensation Court has Exclusive Jurisdiction
        over Plaintiffs' claims arising under Louisiana Workers' Compensation Law……...10

    G.  Should this Court find that it has jurisdiction and/or does not abstain from
        Plaintiffs' claims, venue in this Court is improper…………………………..………14

    H.  Conclusion……………………………………………………………...…………15

# TABLE OF AUTHORITIES

## CASES

*Aetna Casualty & Surety Co. v. Graves*, 381 F. Supp 1159 (W.D. La. 1974)……..……………8

*Beutler England Chiropractic Clinic (Kershaw) v. Mermentau Rice, Inc*, 05-942
(La. App. 3. Cir. 5/31/06), 931 so.2d. 553……………………………………………………11,14

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173 (1942)…………………………6

*Dial v. Hartford Accident and Indemnity Company,* 863 F.2d. 15 (5th Cir. 1989)………………11

*Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)……………………………………3

*Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation,* 463 U.S. 1,
103 S.Ct. 2841 (1983)……………………………………………………………………………..7

*Hedrick ex.rel. Adams v. Texas Workers' Compensation Commission,*
54 Fed. Appx. 592 (5th Cir. 2002), 2002 WL 31730360[1]……………………………………..11

*Jewell v. Grain Dealers*, 290 F.2d 11 (5th Cir. 1961)……………………………………………8

*Public Service Commission v. Wycoff Co.*, 344 US 237, 73 S Ct. 236 (1953)…………………5,8

*Ryder Services Corp. v. Savage*, 945 F.Supp. 232 (N.D. Ala. 1996)………………………...11,12

*Sentry v. Lake Charles Memorial Hospital,*  06-570 (W.D. La. 06/4/08)……………………4,14

*Skelly Oil v. Phillips Petroleum*, 70 S.Ct. 876, 339 U.S. 667 (1950)…………………………..3, 7

*St. Paul Reinsurance Co, v. Greenberg*, 134 F.2d 1250 (5th Cir. 1998)…………………………8

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, (1995)……………………4

## STATUTES

28 USC 1445(c)……………………………………………………………………...……..3-6

28 USC 2201(a)……………………………………………………………………………..5,12

28 USC 1331…………………………………………………………………………………7-8

---

[1] *Hedrick* is attached hereto as EXHIBIT 1

28 USC 1332…………………………………………………………………………8-10

28 USC 1441(a)……………………………………………………………………..14

28 USC 2403(b)……………………………………………………………….....2

Fed. R. Civ. P. 19……………………………………………………………………2

La. R.S. 23:1310……………………………………………………………………6,11

La. C.C.P. Art. 1880………………………………………………………………..2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY, ET AL. | * | |
| | * | |
| **Plaintiffs** | * | CIVIL ACTION NO. CV04-2405 |
| VERSUS | * | |
| | * | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON AND | * | |
| LAKE CHARLES MEMORIAL HOSPITAL, | * | |
| ET. Al, | * | MAGISTRATE JUDGE METHVIN |
| | * | |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, IMPROPER VENUE AND FAILURE TO JOIN NECESSARY PARTIES**

MAY IT PLEASE THE COURT:

Plaintiff Liberty Mutual recently amended its original complaint to add two additional Plaintiffs (Wausau and Helmsman) and eight additional Defendant-providers. Plaintiffs have asserted two separate types of claims against the Defendant-providers.  First, they assert a claim for "declaratory relief" involving a "case or controversy" raising issues arising under state workers' compensation law. The workers' compensation issues are currently being litigated between the parties in the Louisiana Office of Workers' Compensation ("OWC"). Secondly, Plaintiffs have tacked on breach of contract claims against the Defendant-providers, and those claims necessarily require determination of the merits of the pending OWC actions. If successful, the newly added Plaintiffs will likely follow in Liberty Mutual's footsteps and seek injunctions against Defendants preventing them from pursuing the pending OWC actions.

Not only has each of the Plaintiffs failed to allege (much less meet) the jurisdictional amount required as to each Defendant, Plaintiffs' action is a blatant attempt to circumvent the

1

procedural requirements and limitations governing federal removal. Further, Plaintiffs have failed to name the Louisiana Attorney General as required by both federal and state law, and they have also failed to name Louisiana plaintiffs upon whose behalf they seek relief. Because this Court lacks jurisdiction over Plaintiffs' actions, and because Plaintiffs' have failed to name parties required by Fed. R. Civ. P. 19, Plaintiffs' actions should be dismissed.

**A.     Plaintiffs have failed to join parties required by Fed. R. Civ. P. 19.**

Plaintiffs' claims should be dismissed for failure to join parties required by Fed. R. Civ. P. 19. Plaintiffs have asserted that certain Louisiana laws are unconstitutional, and therefore they are required to serve the Louisiana attorney general and afford the State an opportunity to be heard. See La. CCP Art. 1880, and 28 USC 2403(b).  However, upon information and belief, Plaintiffs have failed to serve the Louisiana Attorney General with their Complaint.

Additionally, Plaintiffs have failed to join their clients (i.e. Louisiana employers and/or insurers) upon whose behalf they seek relief – arguably because doing so would defeat diversity jurisdiction. Just as Liberty Mutual has already done in this action, Plaintiffs (and First Health) will likely seek injunctions barring the newly added Defendant-providers from pursuing their pending OWC actions against not only the named Plaintiffs, but also against Louisiana employers and/or insurers (i.e. unidentified payors) who have applied First Health's network rates to Defendants' bills.  To that extent, those unidentified payors would be the proper parties to seek injunctions and should be required to join in this action. Aside from the fact that such an injunction would necessarily violate the anti-injunction act, adding Louisiana Plaintiffs to this action would necessarily defeat complete diversity required by 28 USC 1332.

**B.     Plaintiffs' Declaratory Action is tantamount to removal in violation of 28 USC 1445(c).**

Despite Plaintiffs' artful characterization of its action as a "declaratory action," the relief

sought will necessarily require this Court to examine all issues pending against Plaintiffs in the Louisiana OWC. In other words, Plaintiffs' so-called "declaratory action" is, in substance, an attempt to circumvent the procedural requirements of removal, as well as the prohibition of removal of state workers' compensation actions set forth in 28 USC 1445(c). As established by the 5th Circuit, district courts should look to the substance of a pleading, not its label, when determining whether the relief sought is within the power of the court to grant. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir.1963)). Therefore, the Court should look past Plaintiffs' characterization of its complaint as a "declaratory action", and recognize that, in substance, Plaintiffs are attempting to remove pending Louisiana OWC actions. The relief sought by Plaintiffs, if granted, will effectively resolve the pending OWC actions. Further, Plaintiffs will likely seek additional injunctions barring Defendants from pursuing the pending OWC actions, just as Liberty Mutual has already done in this action.

For a federal court to have jurisdiction over a "declaratory action", there must be, *inter alia,* an actual "case or controversy." The declaratory judgment act does not extend a federal court's jurisdiction, and therefore does not dispense with the requirement that there is an actual "case or controversy." See *Skelly Oil v. Phillips Petroleum*, 70 S.Ct. 876, 339 U.S. 667 (1950). The only "case or controversy" involved in Plaintiffs' so-called "declaratory action" is whether the Plaintiffs paid the providers in accordance with Louisiana workers' compensation law (La. R.S. 23:1021 et. seq). Otherwise, the declaratory relief sought by Plaintiffs would be meaningless. As recognized by Plaintiffs on the face of their complaint[2], this identical controversy is currently pending against the Plaintiffs in the Louisiana OWC where the defendant-providers have asserted that Liberty Mutual, Helmsman, and Wausau (i.e. the

---

[2] See ¶'s 18-19; 25-34; 59, etc in Plaintiffs' Third Amended and Supplemental Complaint.

3

Plaintiffs in this action) did not pay them in accordance with Louisiana workers' compensation law. As an affirmative defense to those actions, Liberty Mutual, Helmsman, and Wausau have asserted that they are entitled to access and pay the providers the rates set forth in the providers' contracts with First Health in lieu of paying the rates established by Louisiana workers' compensation law.  The OWC actions also involve situations where the providers were not paid timely or in accordance with the terms of their contracts with First Health, as well as situations where the OWC defendants did not have contractual authority to apply various PPO discount rates.

In this action, Plaintiffs are effectively removing those pending OWC actions by asking this Court to not only rule on the validity of the PPO contract defense that they have raised in the OWC, but also on whether the providers have any valid cause of action against the Plaintiffs involving payments made for workers' compensation services (i.e. a cause of action arising under Louisiana workers' compensation law)[3]. Plaintiffs have therefore, in substance, removed their PPO contract defense, as well as all of the issues involved in the OWC actions. However, they have failed to comply with the federal rules governing removal, as well as ignored the prohibition of removal of workers' compensation cases clearly set forth in 28 USC 1445(c). Therefore, the Court should follow its ruling in *Sentry v. Lake Charles Memorial Hospital, et. al*, 06-570 (W.D. La. 06/4/08) and dismiss Plaintiffs' claims for declaratory relief against Defendant-providers.

---

[3]Plaintiffs complaint seeks a declaratory judgment that, *inter alia,*1) Providers' contracts with First Health are valid and enforceable, 2) that pursuant to those contracts, Plaintiffs are only obligated to pay the defendants' negotiated rates for medical services performed, 3) that the providers are not entitled to be paid amounts in excess of the negotiated rates, 4) that the defendants have no cause of action under any law, statute, or regulation against the Plaintiffs arising out of payment of medical fees, and 5) that providers are not entitled to penalties (i.e. under the LWCA" ). (See Doc. 185)

Plaintiffs have also cleverly tacked on "breach of contract" claims in a further attempt to disguise the true nature of their action. Plaintiffs suggest that Defendants have breached their contracts with *First Health* by filing suit against Plaintiffs in the Louisiana OWC, and that the Defendants are therefore liable to Plaintiffs for attorney's fees they have incurred in Defending against the OWC actions. Therefore, the breach of contract claims will necessarily require this Court to address the merits of the pending OWC actions. For example, if the provider-defendants were not paid in accordance with the terms of their contracts with First Health (assuming they exist) and/or were not paid timely, clearly Defendants have not breached their contracts with First Health by seeking payment in the Louisiana OWC. In other words, the so-called "breach of contract" claims are also a disguised attempt at removal. Therefore, Plaintiffs' claims should be dismissed. Further, as explained below, Louisiana law allows contractual issues to be raised as defenses in workers' compensation actions.

**C.   Alternatively, the Court should exercise its broad discretionary power and abstain from Plaintiffs' action.**

Alternatively, the Court should exercise its broad discretionary power and abstain from Plaintiffs' action. The Declaratory Judgment Act (28 USC 2201(a)) is an enabling act which confers discretion on the courts rather than an absolute right to a litigant. *Public Serv. Comm'n of Utah v. Wycoff Co*., 344 U.S. 237, 241, 73 S.Ct. 236, 239, (1952). In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *Wilton v. Seven Falls Co*., 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, (1995). A district court may properly abstain from a declaratory judgment action, even if the requirements of the "Colorado River" abstention doctrine are not satisfied. *Id.*

Further, the US Supreme Court is clear that when a pending state suit raises the same issues as a federal declaratory judgment action, the central question for the district court to consider is whether the controversy is better decided in a state or federal court. *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173 (1942). Further, the U.S. Supreme Court has recognized that a district court should decline to decide a declaratory action where another suit is pending in a state court presenting the same issues, not governed by federal law*,* between the same parties. *Id.*   As explained throughout, Plaintiffs' action raises identical issues pending against them in the Louisiana OWC, and arises under Louisiana state law. Further, Plaintiffs in this action have an adequate forum in which to litigate their OWC defenses. Louisiana law allows Defendants in OWC actions to raise contractual issues as a defense to claims under the Louisiana Workers' Compensation Act.[4] Further, La. R.S. 23:1310.3(F) provides a specific procedure in which Defendants in Louisiana OWC actions may raise issues of constitutionality.

Therefore, because the issues raised by Plaintiffs in this action are adequately pending in the Louisiana OWC, and because this Court will necessarily have to serve as a "workers' compensation court" to fully address Plaintiffs' claims, this Court should abstain from Plaintiffs' action. Plaintiffs are attempting to use the Declaratory Judgment Act to provide a federal forum that would not otherwise exist because of the anti-removal provisions of 28 USC 1445(c). In the alternative, the Court should sever and dismiss Plaintiffs' claims for declaratory relief, and stay Plaintiffs' breach of contract claims (assuming but denying diversity jurisdiction exists) pending

---

[4] *See e.g. Trahan v. Coca Cola Bottling Co. United, Inc.*, 894 So.2d 1096 (La. 2005) (enforcement of settlement agreement); *Stewart v. University Hospital*, 894 So.2d 436 (La. App. 4 Cir. 2005) (dispute between attorney and client over fee agreement); *Hanks v. Kinetics Group, Inc.*, 878 So.2d 782 (La. App. 3 Cir. 2004) (determination of state of execution of contract of hire); *Spells v. Extreme Nissan*, 884 So.2d 609 (La. App. 4 Cir. 2004) (contract creating independent contractor relationship); *Covington v. Ace Transportation, Inc.*, 830 So.2d 495 (La. App. 2 Cir. 2002) (interpretation of lease agreement).

the outcome of the OWC actions. As explained herein, Plaintiffs' "breach of contract claims" necessarily requires a determination of the merits of the OWC actions.

**D.      Plaintiffs' action arises under Louisiana state law, and therefore this Court lacks jurisdiction under 28 USC 1331.**

In an effort to further disguise the nature of their "declaratory action," Plaintiffs assert that certain provisions of Louisiana law are unconstitutional, therefore suggesting that the Court has "federal question jurisdiction" under 28 USC 1331. However, a federal court has federal question jurisdiction only when the case or controversy (i.e. the cause of action or anticipated cause of action) arises under federal law. *Skelly Oil v. Phillips Petroleum*, 70 S.Ct. 876, 339 U.S. 667 (1950). As explained above, the "controversy" in this action clearly arises under Louisiana <u>state</u> law and involves a determination of <u>state</u> rights (i.e. the providers' right to be paid for workers' compensation services under Louisiana Law).

Plaintiffs' allegations that various state laws are unconstitutional do not create a "case or controversy," or "cause of action," arising under federal law.  Instead, the constitutional issues raised by Plaintiffs would come into play only as a defense to the providers' (pending) state law claims. The US Supreme Court is clear that federal question jurisdiction is lacking under 28 USC 1331 "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation,* 463 U.S. 1, 103 S.Ct. 2841 (1983).

As the Supreme Court noted in *Skelly Oil*, *supra*:

 "To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on Federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act." *Id.* at 673-674, 70 S.Ct. at 880

Similarly, in *Public Service Commission v. Wycoff Co.*, 344 US 237, 73 S Ct. 236 (1953), the US Supreme Court stated that:

> "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, **it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.** If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim." (emphasis added), and that

> "Federal Courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state case begins the case under state law."

In this case, the providers' "threatened actions" (or, in reality, the *pending* OWC actions) necessarily arise under Louisiana workers' compensation law, and therefore, no federal question jurisdiction exists.

Plaintiffs in this action are clearly not asserting any federal rights against the Defendant-providers, but instead seek a determination of various rights created by Louisiana state law (i.e. La. RS. 23:1021 et. seq). Any federal issues raised by Defendants would arise only in defense to the providers' state law claims. Therefore, this Court does not have federal question jurisdiction under 28 USC 1331 and should dismiss Plaintiffs' claims.

**E.     Plaintiffs have failed to allege (much less meet) the jurisdictional amount required by 28 USC 1332.**

For this Court to have jurisdiction under 28 USC 1332, the amount in controversy as to each Plaintiff must exceed $75,000 as to each defendant-provider because the defendant-providers are not jointly liable to the Plaintiffs. See *Jewell v. Grain Dealers*, 290 F.2d 11 (5th Cir. 1961); and *Aetna Casualty & Surety Co. v. Graves*, 381 F. Supp 1159 (W.D. La. 1974). The "amount in controversy" in the Plaintiffs' instant declaratory action is the value of the right to be protected. *St. Paul Reinsurance Co, v. Greenberg*, 134 F.2d 1250 (5th Cir. 1998). The party

8

seeking to invoke jurisdiction has the burden of establishing it. *Id.* Instead of alleging the jurisdictional amount as to each Plaintiff, Plaintiffs collectively refer to themselves as "Liberty." Therefore, they have failed to even allege that jurisdictional amount has been met, and their action should therefore be dismissed.

As explained above in section "A," the only "controversy" involved in Plaintiffs' so-called "declaratory action," involves whether or not Plaintiffs paid Defendant-providers in accordance with the Louisiana Workers' Compensation Act. In other words, the "amount in controversy" would be the difference between the amount that each of the Plaintiffs has paid (or caused to be paid) to each of the Defendants for workers' compensation related medical services and the amount required by the Louisiana Workers' Compensation Act  ("LWCA") (La. R.S. 23:1021 et. seq). Although penalties established by the LWCA for failure to comply with the LWCA (i.e 23:1201) would also be included in the "amount in controversy," statutory damages set forth in 40:2201 et. seq (the PPO Act) are not relevant to the "case or controversy", and should not be considered. Plaintiffs' specifically frame their claims for declaratory relief to involve the amount of payments made to the defendant-providers for workers' compensation services; and therefore, this controversy can only arise under the LWCA. Although the issue of notice required by the PPO Act has been raised in the OWC as a counter-argument to Plaintiffs' reliance on various PPO contracts, the pending OWC actions do not involve claims for statutory damages set forth in the PPO Act. Instead, the OWC actions involve whether or not reliance on a PPO contract is a valid defense to not paying in accordance with the rates set forth in the LWCA when certain notice requirements were not met.

Plaintiffs' Third Amended Complaint fails to facially establish the jurisdictional amount required by 28 USC 1332. Plaintiffs collectively refer to themselves as "Liberty" instead of

alleging the requisite amount for each Plaintiff as to each Defendant[5]. Even referring to themselves collectively as "Liberty," Plaintiffs have failed to meet the jurisdictional amount required. For example as to Dr. Turk, "Liberty" alleges that it paid Turk on 34 claims, and that the "amount in controversy" is $200 plus possible penalties under 23:1201(F) ($68,000). This does not exceed $75,000 as required.[6] Therefore, Plaintiffs' "Declaratory Action" does not satisfy the jurisdictional amount requirement and should be dismissed.

Further, Plaintiffs have failed to allege that their breach of contract claims against each of the defendants independently meet the required jurisdictional amount. This is likely because Plaintiffs' claims do not meet the required amount. In essence, Plaintiffs assert that the Defendant-providers have breached contracts with *First Health* because they have filed actions against each of the Plaintiffs in the Louisiana OWC. As a result of the alleged "breach," Plaintiffs (who are not parties to the contract) seek "attorneys fees incurred in defending against defendant's claims." Plaintiffs however have failed to set forth any provisions in defendants' contracts with *First Health* that entitles them to attorney's fees – most likely because no such provisions exist. Therefore, Plaintiffs' breach of contract claims do not independently meet the jurisdictional amount required, and should be dismissed as well.

**F.**   **The Louisiana Workers' Compensation Court has Exclusive Jurisdiction over Plaintiffs' claims arising under Louisiana Workers' Compensation Law.**

Aside from the fact that Plaintiffs have essentially removed to this Court issues pending between the parties in the Louisiana OWC, this court lacks subject matter jurisdiction over Plaintiffs' claims. When a federal court sits in diversity, it is required to apply the forum state's law.[7] When a state's workers' compensation scheme imposes original, exclusive jurisdiction on

---

[5] See ¶'s 24-35
[6] See ¶ 30 of doc. 185
[7] *Dial v. Hartford Accident and Indemnity Company,* 863 F.2d. 15 (5th Cir. 1989)

state courts (or state administrative courts), a federal court lacks subject matter jurisdiction over a workers' compensation action originally brought in federal court if the available state remedies have not been exhausted. *Ryder Services Corp. v. Savage*, 945 F.Supp. 232 (N.D. Ala. 1996); *Dial v. Hartford Accident and Indemnity Company,* 863 F.2d. 15 (5th Cir. 1989); *Hedrick ex.rel. Adams v. Texas Workers' Compensation Commission,* 54 Fed. Appx. 592 (5th Cir. 2002), 2002 WL 31730360.[8]  The controversy in this action – whether Defendants were paid in accordance with Louisiana workers' compensation law – clearly arises under the workers' compensation act, and the Louisiana OWC has *original*, *exclusive*, subject matter jurisdiction over actions arising under Louisiana workers' compensation law. See La. R.S. 23:1310.3(E), and *Beutler England Chiropractic Clinic (Kershaw) v. Mermentau Rice, Inc*, 05-942 (La. App. 3. Cir. 5/31/06), 931 so.2d. 553.  Because Plaintiffs have not exhausted their remedies as required by Louisiana state law, this Court should dismiss their action for lack of subject matter jurisdiction.

In *Dial v. Hartford Accident and Indemnity Company,* 863 F.2d. 15 (5th Cir. 1989)*,* an injured worker filed two separate actions against an insurer for workers' compensation related claims – one action in federal court, and one action with the Mississippi Workers' Compensation Commission. In dismissing Dial's federal court action for lack of jurisdiction, the 5th Circuit recognized that the case was governed by Mississippi law, and that Mississippi law required the claimant to exhaust all administrative remedies prior to filing an action in federal court. Specifically, the 5th Circuit emphasized that the Mississippi Workers' Compensation Commission had exclusive original jurisdiction over workers' compensation claims, and it further recognized that the Mississippi legislature had placed the issue before an administrative body with special expertise in the field.  Similarly, the Louisiana legislature has specifically vested Louisiana workers' compensation courts with original, exclusive jurisdiction over claims

---

[8] *Hedrick* is attached hereto as EXHIBIT 1

arising under Louisiana workers' compensation law; therefore, Plaintiffs herein should be required to exhaust their remedies required by Louisiana law, rather than bringing suit in this Court. In other words, Plaintiffs should be required to litigate the issues herein in the Louisiana OWC actions currently pending against them.

Similarly, in *Ryder Services Corp. v. Savage*, 945 F.Supp. 232 (N.D. Ala. 1996), an employer brought a federal declaratory action against an injured worker, "instead of waiting to be sued in state court." *Ryder*, 945 F.Supp at. 233. In questioning the "highly creative thinking by the Plaintiffs", as well as the lack of precedent involving similar declaratory actions, the district court found subject matter jurisdiction to be lacking because Alabama courts had <u>exclusive</u> jurisdiction over issues pertaining to workers' compensation liability. The court reasoned that even if the workers' compensation claimant filed a state court action (after the federal suit was filed), the state court would owe no deference to the federal court. Instead, the federal court should defer to, and not interfere with, the state court proceedings. Although the *Ryder* court found jurisdiction to be lacking, it further went on to recognize that when "the underlying state law claim would be non-removable….the federal court's discretion under 28 USC 2201 should be exercised so as to decline jurisdiction." *Id.* at. 235. Similarly, in the instant matter, this Court should not interfere with the pending OWC actions by addressing the defenses and issues raised therein.

It is unquestionable that Plaintiffs will attempt to rely on *Horton v. Liberty Mutual Ins. Co*, 367 U.S. 1961 in an effort to persuade this Court that it has subject matter jurisdiction over its actions, and that the exclusive jurisdiction granted to the Louisiana OWC is irrelevant. However, <u>*Horton* is clearly distinguishable</u> and therefore not applicable to the instant facts. *Horton* addresses only whether a cause of action for <u>judicial review</u> of an award of compensation

by the Texas State Industrial Accident Board is within the district court's original jurisdiction. It does <u>not</u> address the situation where the state's administrative procedures were not previously exhausted. The action in *Horton* was brought under Vernon's Tx. Ann. Civ. Stat. Art. 8307, s 5 (1960), which allowed any party to bring an action to set aside an award granted by the State Industrial Accident Board. *Horton, supra; Liberty Mut. Ins. Co. v. Horton*, 275 F.2d 148 (5th Cir. 1960). Even the 5th Circuit recognized that "as conditions precedent to the filing of the suit....[a] claim must have been filed with the board, and the board must have made a final ruling and decision." *Id.* at 151.  Because the administrative proceedings were exhausted, *Horton* is not relevant to the case-at-bar.   In fact, the central issue in *Horton* was whether or not the jurisdictional amount required for diversity jurisdiction was met.

On the other hand, *Hedrick ex.rel. Adams v. Texas Workers' Compensation Commission*, 54 Fed. Appx. 592 (5th Cir. 2002), 2002 WL 31730360, which came more than forty years after the *Horton* decision, also involved Texas workers' compensation law; however, in *Hedrick*, the court held that it lacked subject matter jurisdiction because the Plaintiff did not exhaust all administrative remedies required by the Texas statutory scheme before seeking judicial review. The Court obviously did not rely on *Horton* (much less discuss it), because it was inapplicable and not controlling. In *Horton*, the Texas administrative remedies had been exhausted, where in *Hedrick,* they had not. Similarly, in the instant action, this Court should not rely on *Horton*.  The Plaintiffs in this action should be required to exhaust the remedies required by Louisiana workers' compensation law (i.e. either file suit in the OWC, or litigate their defenses in the pending OWC actions). Because they have not done so, this Court lacks subject matter jurisdiction.

It is clear that *Dial, Ryder, Hedrick,* and even *Horton*, stand for the proposition that when a federal court sits in diversity, it must apply state workers' compensation law. Further, those cases all support a federal court's lack of subject matter jurisdiction when state workers' compensation law requires a claimant to originally file an action in a state court, and/or exhaust statutorily provided administrative remedies prior to filing suit.  Because the controversy in this action clearly arises under Louisiana workers' compensation law, and the Louisiana OWC has original, exclusive jurisdiction over Plaintiffs' claims[9], this court lacks jurisdiction. More importantly, the crux of Plaintiffs' action involves issues already <u>pending</u> against them in the OWC, and Plaintiffs are prohibited from removing those actions under 28 USC 1445. Regardless of what grounds this Court uses, this Court clearly should not permit Plaintiffs to create a federal forum that simply does not exist. Because this Court lacks subject matter jurisdiction over Plaintiffs' "declaratory action", as well as Plaintiffs' breach of contract claims, Plaintiffs' action should be dismissed.

**G.      Should this Court find that it has jurisdiction and/or does not abstain from Plaintiffs' claims, venue in this Court is improper.**

Should this Court find that it has jurisdiction over Plaintiffs' action and/or does not abstain, the Court should dismiss this action as to the newly added Defendants because venue is improper.  Just as the Plaintiffs' claims in *Sentry v. Lake Charles Memorial Hospital, et. al*, 06-570 (W.D. La. 06/4/08) were tantamount to removal, it is unquestionable that Plaintiffs' identical claims in this action are tantamount to removal of pending OWC actions. Had Plaintiffs followed the technical procedural rules of removal, 28 USC 1441(a) would have required Plaintiffs to remove the pending actions to the district court in the division wherein the OWC actions were pending. Defendant-providers have actions pending against Barczyk, LBJC, and Williams

---

[9] As recognized in the *en banc* opinion of *Beutler England Chiropractic Clinic (Kershaw) v. Mermentau Rice, Inc*, 05-942 (La. App. 3. Cir. 5/31/06), 931 so.2d. 553.

against Plaintiffs in District 4 of the Louisiana OWC in Lafayette, Louisiana.[10] Therefore, had Plaintiffs "technically" removed those actions, venue would be proper in the Lafayette Division of the Western District of Louisiana. Further, Defendants have actions pending against Turk in District 2 of the Louisiana OWC in Alexandria, Louisiana[11]. Therefore, venue would be proper in the Alexandria division of the Western District of Louisiana. In light thereof, this Court should dismiss Plaintiffs' claims as to Defendant-providers who have OWC actions pending in divisions other than Lake Charles.

**H.      Conclusion**

It is clear from the face of Plaintiffs' complaint that the purpose of their action is to circumvent the technical procedural requirements of federal removal, as well as 28 USC 1445(c)'s prohibition of removal of workers' compensation cases.  Further, each of the Plaintiffs has failed to satisfy the jurisdictional amount required by 28 USC 1332.  Therefore, Plaintiffs' claims should be dismissed. Plaintiffs have clearly recognized that they are Defendants in the providers' actions pending in the Louisiana OWC. The Louisiana OWC has exclusive jurisdiction over these actions, and Plaintiffs have a sufficient forum in which to raise all issues they have raised in this action. This Court should therefore not interfere with the pending OWC actions, and dismiss Plaintiffs' claims for lack of subject matter jurisdiction, or alternatively abstain from Plaintiffs' action. To the extent that the Court finds subject matter jurisdiction and/or does not abstain, Plaintiffs' claims should further be dismissed because they have filed this action in the improper venue and/or because they have failed to join parties required by Fed. R. Civ. P. 19.

---

[10] For example, *Blanda (Celestine) v. Hotel Management Inc. d/b/a Hospitality Management Advisors Inc.*, 07-03511 (La. OWC Dist. 4); *Blanda (McDaniel) v. Grey Wolf Drilling Co,* 06-06950 (La. OWC Dist. 4); *Williams (Benjamin) v. Days Inn Worldwide Inc.* (07-06968 (La. OWC Dist. 4); and *Barczyk (Robertson) v. Ace Transportation, Inc.*,  05-02680 (La. OWC Dist. 4).
[11] For example, *Turk (Miller) v. The Moody Co.* 07-01391 (La. OWC Dist. 2)

Respectfully Submitted:

**STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, L.L.P.**

By:____s/John S. Bradford_____
    JOHN S. BRADFORD (La. BR #03369)
    WILLIAM B. MONK (La. BR #09551)
    LYNSAY M. FONTENOT (La. BR #30570)
    One Lakeside Plaza, Fourth Floor
    Lake Charles, LA 70601
    Telephone: 337 436-9491
    Fax:  337 493-7210

**COX, COX, FILO & CAMEL**
THOMAS A. FILO (La. BR #18210)
MICHAEL K. COX (La. BR #22026)
723 Broad Street
Lake Charles, LA  70601
Telephone:  337 436-6611

**THE MURRAY FIRM**
STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
NICOLE IEYOUB (#28088)
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000
Telephone: 504 525-8100

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Joint Motion to Extend Discovery and

Briefing Deadlines was filed electronically with the Clerk of Court using the CM/ECF system.

Notice of this filing will be sent by operation of the court's electronic filing system to:

| | |
|---|---|
| Judy Y. Barrasso | jbarrasso@barrassousdin.com |
| Edward R. Wicker, Jr. | ewicker@barrassousdin.com |
| Stephen L. Miles | smiles@barrassousdin.com |
| Perry R. Staub, Jr. | pstaub@taggartmorton.com |
| Larry E. Demmons | ldemmons@taggartmorton.com |
| Mark Edward Van Horn | mvanhorn@taggartmorton.com |

Lake Charles, Louisiana, this 13th day of October, 2008

s/ John S. Bradford
JOHN S. BRADFORD (La. BR #03369)

17