UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | * * | |
| Plaintiffs | * | CIVIL ACTION NO. CV04-2405 |
| VERSUS | * * | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON AND LAKE CHARLES MEMORIAL HOSPITAL, ET. Al, | * * | MAGISTRATE JUDGE METHVIN |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

### I. OVERVIEW

Despite Plaintiffs best efforts to convolute and misconstrue the issues, at its core this declaratory action is simply Plaintiffs' attempt to have this federal court rule on its defenses to pending workers' compensation claims filed in the Louisiana Office of Workers' Compensation ("OWC") by the provider-Defendants under the Workers' Compensation Act ("the Act").

Defendants again stress that this action does **not** involve claims for damages under Title 40. Plaintiffs are specifically **excluded** from the defendant-class in the state court action seeking Title 40 damages.[1] At every opportunity, Plaintiffs bewail what they deem to be Defendants' attempt to "heap ruinous liability on [them]." This is nothing more than an attempt to scare the Court into hearing the matter. Plaintiffs have **only** been sued in the OWC on their statutory obligations under the Act. There are no other claims, under Title 40 or otherwise, in controversy.

As recently decided by the Louisiana Supreme Court, the proper and exclusive forum for this dispute is the OWC. In *Broussard Physical Therapy v. Family Dollar Stores, Inc.*, Justice Victory, writing for a unanimous Louisiana Supreme Court, held that these disputes between

---

[1] A copy of the state court petition is attached hereto as *Exhibit A*. *See* Section XV, *et seq.*

1

medical providers and compensation carriers "arise out of" the Act – <u>even when a PPO network contractual defense is asserted</u>.[2]  This is because regardless of its characterization, the dispute hinges on the obligation to pay benefits under the Act.[3]  Dismissal is proper despite the contractual claims alleged, because even those claims are between providers and compensation carriers, arise out of the Act, and are within the exclusive jurisdiction of the OWC.

The *Broussard* opinion reinforces the propriety of this Court's decisions in *Isle of Capri*[4] and *Sentry*[5] dismissing similar declaratory actions in favor of OWC jurisdiction. In *Isle of Capri* the Court recognized "the state's grant of authority to adjudicate its own state laws by a state created administrative agency, namely the Office of Workers' Compensation."[6]  With the added benefit of the *Broussard* decision it seems inevitable that this Court would reach the same decision it did in *Isle of Capri* and *Sentry* and find dismissal of the instant action to be warranted.

## II.  LAW AND ARGUMENTS

**1.  Per *Broussard*, the Louisiana OWC has <u>exclusive</u> jurisdiction over this dispute.**

### *a.  True Nature of the Dispute is one Arising in Workers' Compensation*

As briefed in Defendants' motion, jurisdiction over this declaratory action depends on the character of the declaratory <u>defendants'</u> (i.e. the traditional plaintiff's) claims.[7]  In other words, federal jurisdiction principles do not allow those who would traditionally be defendants to invoke jurisdiction in federal court by becoming a declaratory plaintiff. The true nature of the providers' claims against the insurers control this court's jurisdiction and not vice versa.  In this action, the underlying (and only) controversy between the provider-defendants (the "traditional"

---

[2] A copy of the *Broussard* opinion is attached as Exhibit H to Plaintiffs' opposition.
[3] *Broussard* at pgs. 6-7.
[4] A copy of the *Isle of Capri Casinos, Inc. v. COL Mgmt.* opinion is attached as Exhibit G to Plaintiffs' opposition.
[5] A copy of the *Sentry v. Lake Charles Memorial Hospital* opinion is attached as Exhibit F to Plaintiffs' opposition.
[6] *Isle of Capri*, at pg. 7.
[7] *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667 (1950).

plaintiffs) and the insurer-plaintiffs (the "traditional" defendants) is whether the insurers paid the providers for their workers' compensation related medical services as required by the Act. As affirmed by a unanimous Louisiana Supreme Court in *Broussard,* providers' claims (and all defenses thereto) must be litigated in the OWC. Therefore, Plaintiffs in this case should not be permitted to "remove" these pending actions in violation of 28 USC 1445(c).[8]

The **true** nature of this dispute does **not** involve a claim for damages under Title 40. In fact, Plaintiffs are specifically **excluded** from the defendant-class in the state court action.[9] The only arguable "Title 40" controversy between these parties is that its notice provisions apply, but this is **not** a claim for damages. Plaintiffs' efforts to characterize it as such are a transparent attempt to have this Court jump into a purely state issue over which it has no jurisdiction.

### b. *Broussard* Clarifies OWC's Exclusive Jurisdiction

The result of this Court's rulings in *Isle of Capri* and *Sentry* were correct, and the Louisiana Supreme Court decision in *Broussard* provides further support for dismissal.[10] Contrary to Plaintiffs' characterizations of this suit and *Broussard*, *Broussard* stands for the idea that this dispute is exclusively within the jurisdiction of the OWC. *Broussard* involved claims identical to those originally asserted by Defendants in the OWC, including the PPO contractual defense. A unanimous Court held that the dispute between the provider and the insurer arose out

---

[8] Having obtained a favorable ruling from the Court, without it having a full appreciation for the nature of this action, Liberty Mutual then sought to add plaintiffs in the hopes of getting the same result. Liberty Mutual tries to characterize the Court's prior decisions in this case as the "law of the case." However, in granting leave to add the new parties, this Court already recognized that the law of the case doctrine is "discretionary" and that its prior rulings may only be persuasive in future rulings between and as to the new parties.[8] No law requires the Court to rule as it did with respect to the original parties and, in light of the new cases that have been decided and the pleadings and evidence which were not previously before the Court, the Court can and should find that it does **not** have jurisdiction over this matter and/or should abstain as the controversy is particularly one customarily relegated to the state's specialized workers' compensation tribunal.

[9] Ex. A.

[10] The *Broussard* case was before the Supreme Court to determine the propriety of OWC jurisdiction over third party indemnity claims. However, the Court went into a lengthy discussion of the exclusive jurisdiction of the OWC over what it termed the "main demand" (i.e., the dispute between the providers and the insurers over improper discounting). In doing so, the Court specifically set forth three reason why the dispute between the health care provider and the workers' compensation insurer was exclusively within the jurisdiction of the Louisiana OWC.

of the Act because it centered on the obligation to pay benefits thereunder – <u>even where a contractual defense to payment was asserted</u> – and "resolution of the health care providers claims against the employer/insurer…depend[s] solely on the defendants' obligations to the health care provider under the Act."[11]

Even a cursory glance at Plaintiffs' breach of contract claim evidences that it, too, is merely a dispute between providers and compensation carriers concerning the obligation to pay under the Act – the very type of dispute *Broussard* requires to be heard in the OWC. While it is true that ordinarily the federal court has jurisdiction over a breach of contract claim where the requisite diversity and amount in controversy exist,[12] this "contract" claim is merely the same dispute over payment of benefits under the Act that is already pending before the OWC.

Plaintiffs disingenuously rely on *Broussard* for the proposition that this contract claim is outside the scope of the OWC's jurisdiction. The court in *Broussard* merely found that <u>third party indemnity</u> claims fall outside the jurisdiction of the OWC. This because a PPO network is not "responsible for payment of benefits under the Act" and "[t]he resolution of the third party demand for contractual indemnity…ha[s] no effect on the amount of medical benefits to be paid." The Court noted that "the Act does not govern or otherwise regulate contracts between employers, insurers, and owners of PPO networks."[13] On the other hand, the Act <u>does</u> regulate claims between health care providers and insurers, including the alleged "contract claims," because "[t]he resolution of the health care providers claim against the employer/insurer…depend solely on the defendants' obligations to the health care provider under the Act." In fact, as recognized by the Louisiana Supreme Court, LSA-R.S. 23:1034.2 requires

---

[11] *Broussard* at pg. 6-7, 11.
[12] In this case, diversity jurisdiction does not even exist.  *See infra.*
[13] *Broussard* at pg. 10.

workers' compensation disputes between employers and compensation insurers, such as Liberty Mutual, to be submitted to the OWC <u>regardless of which party submits the dispute</u>.

The Plaintiffs' attempts to complicate and misconstrue this matter into something other than what it is should be ignored and this Court should follow the mandate of the Louisiana Supreme Court in *Broussard* by dismissing this action in favor of the pending workers' compensation claims filed by Defendants prior to the institution of this declaratory action. The controversies on which Plaintiffs seek declaration are merely various aspects of exclusively state workers' compensation claims. Plaintiffs' attempt to have these matters heard in this Court is equivalent to removal of pending workers' compensation claims in violation of 28 USC 1445(c).

### c. Dismissal is Supported by Great Weight of Federal Jurisprudence

Contrary to Plaintiffs' characterization, *Horton* did <u>not</u> hold that state workers' compensation claims may be <u>removed</u> to federal district courts if diversity jurisdiction exists.[14] The Supreme Court in *Horton* did not overrule Congress' express prohibition on removal of workers' compensation actions.[15] Instead, *Horton* merely stands for the <u>limited</u> proposition that Congress' withdrawal of removal jurisdiction over workers' compensation cases does not preclude a diversity action <u>brought in the first instance</u> by an insurer where such an action is allowed by state law and no state administrative agency has exclusive jurisdiction over such action. To the contrary, in this case, workers' compensation actions by Defendants against Plaintiffs had already been filed in the OWC prior to institution of this federal action.

Because the Texas statute at issue in *Horton* allowed either party to initiate a compensation lawsuit in any court, after administrative remedies were exhausted, the action by the insurer in *Horton* was <u>not</u> a removal (nor was it tantamount to removal), but instead was an

---

[14] *Horton v. Liberty Mutual,* 367 U.S. 348 (1961).
[15] 28 USC 1445(C).

5

original action over which the federal court had diversity jurisdiction.[16] On the other hand, under Louisiana law, the parties <u>have no rights</u> against one another under the Act outside the OWC. Defendants' OWC claims (and Plaintiffs' defenses) are constitutionally relegated to the OWC and were properly pending at the time this action was initiated, effectively removing them to the federal court. Unlike the Texas Accident Board, which is merely an administrative body that issues non-binding opinions, the Louisiana OWC is a "court" in the sense that is has "exclusive, original, jurisdiction" over these actions and the Louisiana courts of appeal review the decisions of the OWC just as they would any Louisiana district court ruling. Liberty Mutual's "removal" of its affirmative defenses clearly violates the express provisions of 28 USC 1445(c) and the Louisiana Constitution which require this controversy to be resolved in the OWC.

The 5th Circuit decision in *Kay v. Home Indem. Co.*, highlights the propriety of dismissal in this case.[17] *Kay* involved the same Texas statute at issue in *Horton* (and numerous other cases cited by Plaintiffs). The facts of *Kay*, however, are the converse of *Horton*. In *Kay*, the insurer filed suit in state court to set aside the administrative ruling, after which the employee filed a <u>federal action</u> to enforce it. In dismissing the employee's action, the 5th Circuit held that although the parallel action by the employee was not identical to removal (just as this declaratory action is not), 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."[18] The court recognized compensation claims as "the

---

[16] Even under Plaintiffs' interpretation of *Horton* dismissal is proper. As the four-justice dissent in *Horton* pointed out, the holding in *Horton* essentially creates "an unequal race to the courthouse door." *Horton*, 367 U.S at 362. In this case, Defendants' won that race, as their numerous workers compensation claims were pending <u>prior</u> to the institution of this declaratory action by Plaintiffs seeking a determination of the identical issues.
[17] 337 F.2d 898 (5th Cir. 1964).
[18] *Id.* at 901-902.

most local of local causes" and noted the "desirability of the trial being held…in the state forum in which…the ultimate authoritative determination can alone be made."[19]

Relying on the 5th Circuit decision in *Kay*, dismissal is appropriate. Here, unlike in Texas, Louisiana law provides for exclusive jurisdiction in the OWC. The 5th Circuit admitted "the question of jurisdiction is inescapably a Federal one" but recognized it "depends much on…technical [state] law in a technical area."[20] Although this is not a "run-of-the-mill *Erie*" dilemma, since "it takes the form of an underlying federal question of federal jurisdiction," the federal court should not "strain to find a way to entertain workers' compensation suits."[21] Like *Kay*, this case involves the Plaintiffs' attempt to bring pending workers' compensation claims out of their exclusive forum and into federal court; and, like *Kay*, dismissal is proper.

In addition to the 5th Circuit in *Kay*, other federal courts since *Horton* have found jurisdiction lacking where a state's workers' compensation law requires a claim to be submitted to a state workers' compensation court.[22] In fact, the great weight of jurisprudence supports the Court's dismissal of this very action based on the Act and the OWC's exclusive jurisdiction. As *Ryder* held, "*where the underlying state law claim would be non-removeable*, as [the employee's workers' compensation claim] would have been if it had been filed in the state court, the federal court's discretion under 28 USC 2201 should be exercised so as to decline jurisdiction."[23]

### d. No Claim Exists Outside OWC

To look at this issue another way, because of the exclusive jurisdiction of the OWC over this dispute, no justiciable claim exists outside the realm of Louisiana workers' compensation

---

[19] *Id.* at 902.
[20] *Id.* at 900.
[21] *Id.* at 901.
[22] *See e.g. Dial v. Hartford Accident and Indemnity Company*, 863 F.2d. 15 (5th Cir. 1989). *Hedrick ex.rel.Adams v. Texas Workers' Compensation Commission*, 54 Fed. Appx. 592 (5th Cir. 2002), 2002 WL 31730360; *Ryder Services Corp. v. Savage,* 945 F.Supp. 232 (N.D. Ala. 1996).
[23] *Ryder Services Corp. v. Savage*, 945 F.Supp. 232 (N.D. Ala. 1996).

and the OWC. As the *Broussard* court explained, the only claims between these parties arise out of the Act. The same statute that provides the cause of action requires the claim to be asserted in the OWC.[24] If the claims and defenses between the providers and the compensation carriers are not adjudicated in the OWC, they effectively do not exist.

### 2. This Court does not have diversity jurisdiction.

First, as set forth in Defendants' motion to dismiss, Plaintiffs have failed to join the numerous employer of the patients whom Defendants treated for workers' compensation injuries. These employers are indispensible parties because the obligation to pay workers' compensation benefits – which underlies this suit and the claims pending in the OWC – is the obligation of the employer.[25] As evidenced by the attached 1008s and Secretary of State print-outs, there are numerous Louisiana employers involved in these disputes, and as to each Plaintiff there is at least one Louisiana employer at issue.[26] Because joinder of even one of these indispensible Louisiana employers, though necessary, destroys complete diversity.

Even if this Court chooses to ignore federal joinder principles, the Court still lacks diversity. Since the true nature of the controversy is one against Plaintiffs (i.e., a trial of their defenses), it is a "direct action" for purposes of the diversity statute. Specifically, 28 USC 1332(c) provides that the citizenship of the insured must be imputed to the insurer in a direct action against the insurer. In this case, that requires imputing the citizenship of numerous Louisiana employers to Plaintiffs, which destroys diversity. The 5th Circuit has held that the direct action provision applies to workers' compensation.[27] As discussed above and evidenced

---

[24] *See* La. R.S. 23:1021, *et seq.*
[25] *See* LSA-R.S. 23:1031.
[26] *Exhibit B*, in globo.
[27] *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721 (5th Cir. 1974).

by the attached, numerous Louisiana employers are involved in disputes against each Plaintiff.[28] Since imputing the citizenship of even one of them destroys diversity, jurisdiction does not exist.

### 3. Alternatively, the Court should abstain from exercising jurisdiction in this matter.

At a minimum, abstention is proper in this case.[29] The *Trejo* factors, which govern abstention in a declaratory judgment action, require the Court to consider, among other things: whether there is a pending state action involving the same issues; whether the declaratory action was filed in anticipation of a lawsuit; whether the declaratory plaintiff engaged in forum shopping; whether inequities in allowing declaratory plaintiff to change forums exist.[30] In this case there were pending OWC actions against each of the Plaintiffs filed prior to institution of this action. Plaintiffs then filed this action in what they considered a more favorable forum, impermissibly changing the forum for resolution of these claims. Great inequities result from either (1) having this matter heard by this Court, which lacks the resources to decide the issues or (2) denying Defendants' rights before the administrative body created to hear these disputes.

### 4. ERISA does not apply and, therefore, there is no federal question jurisdiction.

Finally, Plaintiffs assert ERISA as a last ditch effort to retain this matter on the federal court docket. This Court has already recognized in granting the motion to remand in *Gunderson, et al. v. F.A. Richard & Assoc., et al.*,[31] that Section 1003(b)(3) of ERISA specifically mandates that ERISA "*shall not apply* to any employee benefit plan if . . . such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws."[32] There are no ERISA plans at issue in this litigation and, therefore, no federal jurisdiction based on ERISA.

---

[28] Ex. B.
[29] Contrary to Plaintiffs' assertion in their opposition, Defendants both raised and briefed the issue of abstention in their original motion to dismiss. *See Defendants' Memorandum in Support of Motion to Dismiss at Section C*.
[30] *St. Paul Ins. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994).
[31] Docket No. 04-CV-1242.
[32] 29 U.S.C. § 1003(b)(3).

### III. CONCLUSION

This Court's actions in *Sentry* and *Isle of Capri* were correct and the same reasoning support dismissal in this case. Particularly in light of the Louisiana Supreme Court decision in *Broussard*, the Court should decline jurisdiction in favor of the OWC's exclusive jurisdiction.

RESPECTFULLY SUBMITTED:

By:   s/John S. Bradford
JOHN S. BRADFORD (#3369)
WILLIAM B. MONK (#09551)
LYNSAY M. FONTENOT (#30570)
STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.
Post Office Box 2900
One Lakeside Plaza, 4th Floor
Lake Charles, LA 70602
Phone (337) 436-9491
Fax: (337) 493-7210

STEPHEN B. MURRAY (#9858)
ARTHUR M. MURRAY (#27694)
NICOLE IEYOUB (#28088)
THE MURRAY FIRM
909 Poydras Street, Suite 2550
New Orleans, LA 70112-8100
Telephone: (504)525-8100

THOMAS A. FILO (#18210)
MICHAEL K. COX (#22026)
COX, COX, FILO & CAMEL
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

Lake Charles, Louisiana, this 15th day of December, 2008

                    s/ John S. Bradford
                    JOHN S. BRADFORD (La. BR #03369)