

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE CO., ET AL** | : | **DOCKET NO. 04-2405** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CLARK GUNDERSON, ET AL** | : | **MAGISTRATE JUDGE METHVIN** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion fo Dismiss for Lack of Jurisdiction, Improper Venue and Failure to Join Necessary Parties" (doc. #214) and a "Motion to Strike" (doc. #231) filed by the Defendants.

*Subject matter jurisdiction*

Defendants maintain that this action should be dismissed because of lack of subject matter jurisdiction. However, the Fifth Circuit has rejected Defendant's challenge to the subject matter of this Court, stating "the district court had proper diversity jurisdiction over this case."[1] Furthermore, in *Broussard Physical Therapy v. Family Dollar Stores, Inc.,*[2] in finding that a federal district court has subject matter jurisdiction over a "workers' compensation" lawsuit if diversity jurisdiction is present, the court stated that:

> [U]nder *Horton,*[3] even if a state agency may ultimately have authority to consider claims or aspects of those claims in the first instance, this

---

[1] *Liberty Mutual Ins. Co. v. Gunderson, et al,* 08-30075 (5th Cir. 11/25/08).

[2] 2008-cc-1003 (La.2008).

[3] *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348 (1961).

Court may properly exercise diversity jurisdiction over state workers' compensation cases.[4]

Accordingly, the Court again concludes that we have subject matter jurisdiction based on diversity over the instant lawsuit.

*Failure to join parties required by Federal Rule of Civil Procedure 19*

Defendants maintain that the Plaintiffs' claims should be dismissed for failure to join necessary parties. Defendants argue that because Plaintiffs have asserted that certain Louisiana laws are unconstitutional, they are required to serve the Louisiana attorney general. Plaintiffs have provided an affidavit which satisfies the Court that the attorney general was served with a copy of the pleading challenging the constitutionality of the statute.[5]

Defendants maintain that Plaintiffs have failed to join their clients (i.e. Louisiana employers and/or insurer) upon whose behalf they seek relief. Defendants argue that those unidentified payors should be required to join in this action. Plaintiffs give no justifiable explanation to this Court as to why these parties must be joined. Thus, the Court finds no merit to this argument.[6]

*Amount in controversy*

Defendants maintain that each Plaintiff has failed to establish as to each Defendant that the amount in controversy exceeds $75,000.00. As noted by Plaintiffs, as to Liberty Mutual with respect

---

[4]. *Id.* at 350, 352.

[5] See Plaintiffs' exhibit A, affidavit of Stacie A. Langlois.

[6] See *Employers Mut. Cas. Ins. Co. v. Maya*, No. 03-2916, 2004 WL 2826813, at *2 (N.D. Tex. Dec. 9, 2004)(failure to explain why parties were indispensable fatal to Rule 19 motion to dismiss).

to Gunderson and Lake Charles Memorial Hospital, the amount in controversy has been met.[7] The amount in controversy is satisfied where "the right to be protected or the injury to be prevented" exceeds $75,000.00, exclusive of interest and costs.[8]

Plaintiffs maintain that the amount in controversy as to each Defendant includes the disputed amount of the claim or the discount taken, plus the statutory penalties of $2,000.00 per claim pursuant to Louisiana Revised Statute 23:1201(F), plus the potential statutory penalty under Title 40:2203.1(G) of $50 per day from the date that any bill was submitted *ad infinitum*, plus attorneys fees.[9] The court agrees that the amount in controversy as to this declaratory action includes the disputed amounts of the discounts coupled with the potential for statutory penalties under both 23:1201 and 40:2203.1)(G) together with potential attorney fees because this is the injury that Plaintiffs could potentially be held liable for.

Plaintiff has submitted summary judgment-type evidence as to the disputed bills between Liberty Mutual and the new defendants. The Court is satisfied that the amount in controversy as to Liberty Mutual against each of the new defendant meets the requisite jurisdictional amount. As to Plaintiffs, Helmsman Management Services, LLC and Employers Insurance of Wausau, the Plaintiffs assert that as of 2004 there is at least one bill of each of the Plaintiffs that is disputed by each of the Defendants. Thus, just considering one bill and the fifty dollar per day penalty that Plaintiff's could be held liable for over the past 4 years under Title 40, the amount in controversy

---

[7] See doc. #54.

[8] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323 (5th Cir. 2003); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

[9] Title 40:2203.1(G) provides for penalties of fifty dollars per day of noncompliance together with attorneys fees determined by the court.

totals $73,000.00, plus the attorneys fees. Thus, considering also the statutory penalties under Title 23, and the disputed amounts of the discounts, it is abundantly clear that the amount in controversy exceeds $75,000.00.

*Improper venue*

Defendants maintain that Plaintiffs have filed suit in an improper venue relying on the removal statute 28 U.S.C. § 1441(a). Defendants argue that had these cases been removed from the Office of Workers' Compensation where the Defendant/Providers have brought sought against the Plaintiffs, the defendants in those suits would have been required by 28 U.S.C. § 1441(a) to have removed the OWC suits to the Lafayette and Alexandria divisions. This instant actions arises under this Court's original jurisdiction and the removal statute is not applicable. Thus, the Court finds no merit to Defendants' argument.

*Motion to strike*

Defendants have filed a motion to strike defendant, First Health's Memorandum in Opposition to Defendants' Motion to Dismiss[10] because it was filed out of time. The court notes that an order was granted on October 29, 2008, allowing Liberty Mutual an extension until December 5, 2008, and resetting the hearing date for the motion to January 14, 2009.[11] On December 15, 2008, Defendants requested oral arguments which was granted and a hearing was set for February 18, 2009.[12] Defendants then sought an extension of the hearing date which was granted by the

---

[10] The opposition brief was filed December 17, 2009.

[11] Doc. #217.

[12] Doc. #233.

4

undersigned and the hearing was reset for March 4, 2009.[13] Defendants have not shown that they were prejudiced, and furthermore they have had ample time to respond to the opposition.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be denied; the motion to strike will be denied; and the hearing set for March 4, 2009 will be cancelled..

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of February, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] Doc. #235.