U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 0 8 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL | : | DOCKET NO. 04-2405 |
| VS. | : | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON, ET AL | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is a "Motion to Dissolve Temporary Restraining Order" (doc. #261) filed by defendants, Frank W. Lopez and Beutler-England Chiropractic Clinic filed in response to " First Health Group's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction"[1] and "First Health Group's Emergency Motion to Modify and/or Clarify Temporary Restraining Order."[2]

The court has considered the evidence and arguments of counsel regarding the issuance of a preliminary and/or permanent injunction. The court has no quarrel with the concept advanced by First Health Group Corp. that non-parties to litigation in federal court may be bound by decisions of such court to the extent that the decisions may have preclusive effects on issues pending in state court as a general principle. The problem in this case is the attempt by First Health to extend the preclusive effect of this Court's judgments in *Liberty Mutual Ins. Co., et al v. Dr. Clark Gunderson,* (docs. #95, 96 and 105) and *CCN Managed Care, Inc,v. Dr. Fayez Shamieh, AMC, et al,* Docket No. 06-519 (docs. #85 and 86) to litigants and potential litigants who were not named or in any way protected by the earlier proceedings in federal court. In the

decisions rendered by this Court, the defendants were not sued in any representative capacity, nor were they in any way alluded to in First Health's pleadings seeking declaratory relief.

This court is persuaded that the case of *Taylor v. Sturgell*,[3] provides the controlling law in this case. While the parties and purported parties may have had the same counsel, there was no notice that those not named were to be considered as potential parties or that their interests would in any way be protected. The judgment rendered in both cases did not purport to have a binding effect on non- parties. The requirements of due process as spelled out in the *Taylor* case were not met as to anyone except named parties in their individual capacities.

In view of the above, this Court must conclude that the injunction to follow the temporary restraining order previously issued must be limited in effect to those parties previously afforded appropriate due process, i.e., Dr. Clark Gunderson ("Gunderson"), Lake Charles Memorial Hospital ("LCMH") and Beutler-England Chiropractic Clinic ("Beutler").[4] Further, upon review of this Court's rulings, the injunction should not go beyond the scope of the judgments rendered against those parties in the previous litigation. Those decisions would have a preclusive effect only as to whether or not the provider agreements during the period from January 1, 2000 through November 30, 2004 are invalid and/or unenforceable because they run afoul of the Louisiana Workers' Compensation Laws, and any claims that the payment provisions of the provider agreements during said period as between Gunderson, LCMH and Beutler are null and void because said parties were not provided with a benefit card or other notice as required by Louisiana Revised Statute 40:2203.1. A permanent injunction will be issued in this case, but limited in scope to the above named defendants and the issues above delineated. The temporary restraining order previously issued will be dissolved and an injunction so limited will be issued in

its stead.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of April, 2009

JAMES T. TRIMBLE, JR.

[1] Doc. #256.
[2] Doc. #263.
[3] 128 S.Ct. 2161 (2008).
[4] As successor in interest to England-Masse Clinic.