RECEIVED
IN ALEXANDRIA, LA.
JUN - 3 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL | : | DOCKET NO. 04-2405 |
| VS. | : | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON, ET AL | : | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Before the Court is "Defendant First Health Group Corp.'s Motion for Summary Judgment" (doc. #207) wherein the defendant moves the Court for judgment decreeing that it is not obligated to indemnify plaintiffs, Liberty Mutual Insurance Company, Helmsman Management Services, LLC or Employers Insurance of Wausau (the "Liberty entities") for amounts purportedly due to defendants, Dr. Clark A. Gunderson, Lake Charles Memorial Hospital, Lafayette Bone & Joint Clinic, George Raymond Williams, M.D., Frank W. Lopez, M.D. Joseph Turk, D.C., COL Management, LLC, The Barczyk Clinic, a Professional Chiropractic Corp., Fayez K. Shamieh, M.D., and/or Beutler-England Chiropractic Clinic, or to any other FHGC contracted healthcare provider. The basis for First Health's motion is that the FHGC Provider Agreements are valid and enforceable as a matter of law, thus there is no possibility for casting the Liberty entities in liability to the aforementioned defendant/providers because (1) the FHGC Provider Agreements are "direct contracts" specifically exempted from the Any Willing Provider Act under La. R.S. 40:2203.1(A) and (2) an agreement to discount medical services rendered to workers' compensation patients at rates below the Louisiana Fee Schedule for workers' compensation is permissible and enforceable

as a matter of law.

## FACTUAL STATEMENT

For a complete recitation of the facts in this case, see the factual statement in the memorandum ruling dated February 15, 2005[1] and the memorandum ruling issued this date in the instant matter.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires

---

[1] Doc. #95.

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson*, 477 U.S. at 249.

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

Liberty Mutual Insurance Company ("Liberty Mutual") originally sought a declaratory judgment and a breach of contract claim against defendants, Dr. Clark A. Gunderson and Lake Charles Memorial Hospital.[10] On July 1, 2005, Liberty Mutual amended its Complaint to name First Health Group Corp. ("First Health") as an additional defendant[11] to recover under the terms of the indemnity provision in its Network and Utilization Management Services Agreement with First Health. Pursuant to motions for summary judgment filed by First Health and Liberty Mutual,[12] this Court ruled that (1) the payment provisions of the Provider Agreements between First Health, Gunderson and LCMH were valid and enforceable creating no possibility for casting Liberty Mutual in liability, and (2) the Provider Agreements were "direct contracts" exempt from the notice

---

[7] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[9] *Anderson,* 477 U.S. at 249-50.

[10] Doc. #1.

[11] Doc. #66.

[12] Doc. #70 and 79.

provisions of the Any Willing Provider Act. The Court further ruled that "[t]o the extent that Liberty Mutual seeks indemnity from First Health for additional monies owed Gunderson and LCMH, First Health's motion for summary judgment will be granted as the Court has concluded that no additional monies are owed."[13] As to Liberty Mutual's claim against First Health for attorney fees, however, the Court ruled that the attorney fees incurred were indemnifiable under the PPO Contract.[14]

On June 9, 2008, Liberty Mutual filed its Third Amended and Supplemental Complaint which named Liberty Mutual affiliates, Helmsman Managements Services, LLC and Employers Insurance of Wausau, as plaintiffs, and named Lafayette Bone & Joint Clinic, George Raymond Williams, M.D., Frank W. Lopez, M.D., Joseph Turk, D.C., COL Management, LLC, The Barczyk Clinic, a Professional Chiropractic Corporation, Fayez K. Shamieh, M.D., and Beutler-England Chiropractic Clinic, as additional defendants.

For the reasons set forth in the aforementioned memorandum ruling,[15] the Court concludes that First Health is not obligated under the PPO Contracts to indemnify the Liberty Entities for additional monies to the above-mentioned defendants, because no additional monies are owed, however, First Health is obligated to indemnify the Liberty entities for attorneys fees incurred in this action.

## **CONCLUSION**

For the reason set forth herein, the motion for summary judgment filed by First Health will be granted in part and denied in part. The motion will be granted to the extent that First Health does

---

[13] Doc. #95, p.10.

[14] *Id.*

[15] Doc. #95.

4

not owe the Liberty entities indemnity for any additional monies that might have been due to these defendants. However, the motion will be denied to the extent that First Health is liable to the Liberty entities for attorney fees incurred in this action.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of June, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE