RECEIVED
IN LAKE CHARLES, LA

SEP - 8 2009
PAM
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL | : | DOCKET NO. 04-2405 |
| VS. | : | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON, ET AL | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is "The Liberty Entities' Motion for Permanent Injunction and Stay of Proceedings Pursuant to the All Writs Act" (doc. #332) wherein the Liberty Entities (Liberty Mutual Insurance Company, Employers Insurance Company of Wausau, Inc. and Helmsman Management Services, LLC) move for a permanent injunction and stay of proceedings pursuant to the All Writs Act against George Raymond Williams, M.D., Orthopaedic Surgery, a Professional Medical LLC, Frank Lopez, M.D., Joseph Turk, D.C., The Barczyk Clinic, a Professional Chiropractic Corporation, Fayez K. Shamieh, Beutler-England Chiropractic Clinic, Dr. Clark Gunderson and Lake Charles Memorial Hospital.

## PROCEDURAL HISTORY

The instant suit was filed as a declaratory action which also includes breach of contract claims. Pursuant to motions for summary judgment filed by the declaratory plaintiff, and defendant, First Health Group Corp. ("First Health") this Court on April 12, 2006, granted the motions in favor of the plaintiffs, Liberty Mutual Insurance Co. ("Liberty Mutual") and directed entry of a final judgment as to the issues decided therein pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure.[1] In the Court's ruling, we held that the Provider Agreements that were the subject of the motions for summary judgment were valid and enforceable, thus Liberty Mutual did not owe defendants, Dr. Clark Gunderson ("Gunderson") and Lake Charles Memorial Hospital ("LCMH") any additional monies.

On May 9, 2006, defendants, Gunderson and LCMH appealed to the Fifth Circuit issues of jurisdiction and abstention;[2] these defendants did not appeal the merits of the memorandum ruling and judgment.[3] The Fifth Circuit dismissed the appeal for lack of jurisdiction.[4] Shortly thereafter, First Health filed a motion for temporary restraining order, preliminary and permanent injunction[5] which was granted.[6] Subsequently, Gunderson and LCMH filed a motion to vacate the judgment previously rendered by this Court arguing that the Office of Workers' Compensation had exclusive jurisdiction of the matter;[7] that motion was also denied.[8] The undersigned issued a temporary restraining order and preliminary injunction against defendants, Gunderson and LCMH.[9]

Liberty Mutual then filed a motion for sanctions and civil contempt and for a permanent

---

[1] Doc. #96 as amended by doc. #105; see also memorandum ruling (doc. #95).

[2] ¶ 9, doc. #118.

[3] Docs. #106, 107.

[4] Doc. #111.

[5] Doc. #112.

[6] Doc. #116.

[7] Doc. #118.

[8] Doc. #128.

[9] Doc. #116.

injunction and stay of proceedings pursuant to the all Writs Act.[10] The Court notes that defendants, Gunderson and LCMH, filed for and were granted two extensions to file a response to the motion.[11]

Thereafter, First Health also filed a motion for permanent injunction and for sanctions and civil contempt.[12] The Court granted the motions for permanent injunction and stay of proceedings, but denied the motions for civil contempt.[13] Shortly thereafter, Liberty Mutual filed a motion for leave to file a third amended complaint.[14] First Health filed a motion for reconsideration of the permanent injunction, the purpose being to correct certain dates for the termination of contracts between itself and Gunderson.[15] After a statement of non-opposition was filed by Gunderson and LCMH,[16] the Court granted the motion for reconsideration and rendered an Amended Judgment.[17]

Gunderson and LCMH then filed a Notice of Appeal to the Fifth Circuit as to the November 30, 2007 Judgment, Permanent Injunction and Stay Order[18] and the Memorandum Ruling[19] and

---

[10] Doc. #136.

[11] Docs. #138, 139, 140 and 143.

[12] Doc. #146.

[13] Docs. #152.

[14] Doc. #154.

[15] Doc. #165.

[16] Doc. #170.

[17] Docs. #171 and 172.

[18] Doc. #153.

[19] Doc. #152.

3

Amended Judgment, Permanent Injunction and Stay Order.[20] Meanwhile, Magistrate Judge Methvin granted the motion for leave to file the third amended complaint[21] which added plaintiffs Helmsman Management Services, LLC ("Helmsman"), and Employers Insurance of Wausau ("Wausau") and defendants, Lafayette Bone and Joint Clinic, George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical LLC, Frank W. Lopez, M.D., Joseph Turk, D.C., COL Management, LLC, The Barczyk Clinic, a Professional Chiropractic Corporation, Fayez K. Shamieh, M.D., and Beutler-England Chiropractic Clinic.[22] Gunderson and LCMH appealed the Magistrate's decision to grant leave to file the third amended complaint[23] which was denied by the undersigned.[24]

The new plaintiffs, Helmsman and Wausau and First Health then filed separate motions for summary judgment. The new defendants and Gunderson and LCMH (collectively referred to as the "Defendant-providers") filed a motion for an extension of the briefing and hearing schedule to complete further discovery.[25] The motion was granted and the parties were given additional time to complete their discovery and file their opposition.[26] An additional extension was granted in order for the parties to depose a 30(b)(6) representative.[27]

---

[20] Doc. #172.

[21] Doc. #184.

[22] Doc. #185.

[23] Doc. #189.

[24] Doc. #203.

[25] Doc. #209.

[26] Doc. #211.

[27] Doc. #213.

The Defendant-providers then filed a motion to dismiss for lack of jurisdiction.[28] The Liberty Entities requested additional time to file their opposition and have the motion heard which was granted.[29] Pursuant to a motion by the Defendant-providers, an additional extension was granted to complete discovery relevant to the pending motions for summary judgment as well as additional time to file any opposition.[30] The Defendant-providers then filed a motion for an extension of the hearing date as to the motion to dismiss[31] which was granted.[32]

On January 23, 2009, the Fifth Circuit affirmed this Court's grant of First Health's motion for a permanent injunction and stay of proceedings.[33] On February 3, 2009, the undersigned denied the motion to dismiss for lack of jurisdiction.[34] The Defendant-providers again sought additional time to conduct discovery relevant to the pending motions for summary judgment and to file their opposition; the Liberty Entities and First Health consented to the motion.[35] Thus, an additional extension was granted.[36]

Defendant-providers filed a motion for reconsideration of the Court's ruling denying the

---

[28] Doc. #214.

[29] Doc. #217.

[30] Doc. #221.

[31] Doc. #234.

[32] Doc. #235.

[33] Doc. #243.

[34] Doc. #244 and 245.

[35] Doc. #246.

[36] Doc. #247.

motion to dismiss for lack of jurisdiction.[37] The motion was denied.[38] First Health filed a motion for temporary restraining order, and for a preliminary and permanent injunction against defendants, Beutler-England and Dr. Frank W. Lopez.[39] The motion was granted,[40] but was immediately followed by a motion to dissolve filed by the Defendant-providers,[41] and a motion to modify and or clarify the TRO by First Health.[42] The motion to clarify was granted, a new TRO was issued by the undersigned on March 30, 2009[43] and a hearing was set for April 3, 2009 on the motion to dissolve.[44] At the hearing on April 3, 2009, the undersigned extended the TRO until April 13, 2009 and ordered supplemental memoranda as to the motion to dissolve.[45]

On April 8, 2009 a Judgment, Permanent Injunction and Stay Order was issued against the Defendants, Gunderson, LCMH and Beutler-England Chiropractic Clinic.[46] On April 22, 2009, First Health filed a motion to alter or amend the judgment to correct the termination dates for the providers' contracts. The undersigned issued an Amended Judgment, Permanent Injunction and Stay

---

[37] Doc. #248.

[38] Doc. #252.

[39] Doc. #256.

[40] Doc. #261.

[41] Doc. #262.

[42] Doc. #263.

[43] Doc. #268.

[44] Doc. #269.

[45] Doc. #275.

[46] Doc.#282.

Order.[47] On June 3, 2009, the Court issued rulings on the motions for summary judgment filed by Liberty Mutual and First Health, granting them in part and denying them in part.[48]

On June 17, 2009, the Liberty Entities filed a motion to certify the Judgment[49] as Final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to direct entry of a final judgment of the claims resolved by said Judgment.[50] The Defendant-providers opposed the motion to certify the judgment as final.[51] The Court granted the motion to certify the judgment and directed that it be entered as a final judgment on June 23, 2009.[52] First Health filed a motion to alter, amend or reconsider the ruling by the Court pursuant to the motion for summary that it filed; the ruling by the Court was that First Health owed Liberty Mutual indemnity.[53] That motion has been continued pursuant to a joint motion by the Liberty Entities and First Health.[54]

On July 2, 2009, the Defendant-providers filed a motion for reconsideration of the motions for summary judgment and the order directing that the Judgment (doc. #315 and 316) be made final.[55] On July 21, 2009, the Liberty Entities filed a motion for permanent injunction and stay of

---

[47] Doc. #301.

[48] Docs. #315, 316, 317, and 318.

[49] Docs. #315 and 316.

[50] Doc. #319.

[51] Doc. #322.

[52] Doc. #323.

[53] Doc. #320.

[54] Doc. #328.

[55] Doc. #329.

7

proceedings against the Defendant-Providers; this is the motion that is now being considered in this memorandum ruling.[56]

The undersigned denied the motion for consideration on July 31, 2009[57] and the Defendant-providers filed a Notice of Appeal as to the order on the motion for reconsideration, the order on the motion to alter judgment, the rulings and judgments on the motions for summary judgment, the order on the motion for reconsideration, the order on a motion to strike, and the order on the motion to dismiss for lack of jurisdiction.[58]

## **LAW AND ANALYSIS**

The June 3, 2009 Memorandum Ruling and Judgment, certified as final, held that the Provider Agreements were valid and enforceable. The Liberty Entities seek pursuant to the All Writs Act, 28 U.S.C. § 1651(a) to permanently enjoining the Defendant-providers from pursuing any claim in any court or administrative agency against them wherein the Defendant-providers seek to invalidate the payment provision of their respective Provider Agreements with First Health, or the Liberty entities' contractual entitlement to pay the Defendant-providers at the rate set forth in their Provider Agreements under Titles 23 and 40. The Liberty Entities argue that this action is necessary to "protect and effectuate" the Court's June 3, 2009 Judgment and authorized by the re-litigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

The Defendant-providers maintain that the request for permanent injunctive relief is premature and over-broad. The Defendant-providers argue that this Court has been divested of

---

[56] Doc. #332.

[57] Doc. #339.

[58] Doc. #340.

8

jurisdiction because they have appealed the rulings of the Court. The Defendant-providers maintain that the injunctive relief sought necessarily involves the propriety of the underlying summary judgment as well as this Court's authority to render that judgment, and/or whether the judgment was appropriately "final" for certification under Federal Rule of Civil Procedure 54(b). The Defendant-providers rely on *Griggs v. Provident Consumer Discount Co.*[59] which held that "[t]he filing of a notice of appeal is an event of jurisdictional significance– it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

The Liberty Entities point out that the *Griggs* case involved a final judgment that resolved an entire case and maintains that the instant judgment concerned an interlocutory order certified final pursuant to Rule 54(b). Thus, they contend that *Griggs* does not apply to divest this Court of jurisdiction. Furthermore, they argue that the notice of appeal was filed for dilatory reasons, and the Court need not halt progress in the case.

The Liberty Entities cite *Caruso v. Allstate Ins. Co.*[60] wherein the Court held that a district court was not divested of jurisdiction when a party filed a notice of appeal as to the court's ruling on a motion to dismiss, which is not a final, appealable order. They also cite *Arthur Anderson & Co. v. Finesilver*,[61] wherein the court held that discovery orders were interlocutory and/or nonappealable, thus, they did not divest the district court of jurisdiction. The Liberty Entities also note that they moved to certify the judgment as final, not the Defendant-providers, and the history of the litigation

---

[59] 459 U.S. 56, 258 (U.S. 1982).

[60] No. 06-2613, 2007 WL 1466824, at *2 (E.D. La. May 18, 2007).

[61] 546 F.2d 338, 340-41 (10th Cir. 1976).

9

between these providers sufficiently proves that the notice of appeal was filed solely for dilatory reasons and not to appeal the merits of the ruling of the Court. For instance, the Defendant-providers did not appeal the merits of the previous ruling of this Court, instead only attacking jurisdiction, which was subsequently dismissed by the Fifth Circuit. Furthermore, the Defendant-providers opposed the motion to certify the judgment as final.

Finally, the Liberty Entities cite *Britton v. Co-Op Banking Group*,[62] wherein the court concluded that the district court had jurisdiction to proceed with the merits of the case even though the Court of Appeals was then considering the appeal from a denial of a motion to compel arbitration. The Court of Appeals found that the concurrent jurisdiction of the district court was appropriate, even though there was a possibility that, if the Court of Appeals compelled arbitration, any district court rulings on the merits of the case would have been moot.

Alternatively, Defendant-providers argue that the Liberty Entities' Motion for Injunctive Relief against them should be appropriately limited to address only the two issues ruled upon by this Court which are: (1) that the Provider Agreements with First Health Group Corporation are valid and enforceable because as a group purchaser, First Health and the agreements of First Health, are exempt from the notice provisions of Louisiana Revised Statute § 40:2203.1, and (2) the Louisiana Workers' Compensation Act, Louisiana Revised Statute § 23:1031, *et seq.* does not prohibit discounting below the Fee Schedule therein.[63] The Court will not broaden the scope of the permanent injunction beyond the two issues granted in the Memorandum Ruling and Judgment.

---

[62] 916 F.2d 1405, 1412 (9th Cir. 1990); see also *Hunt v. Check Recovery Sys., Inc.*, No. 05-4993, 2008 WL 2468473, at *2 (N.D.Cal. June. 17, 2008), *aff'd*, 560 F.3d 1137 (9th Cir. 2009).

[63] See docs. #315 and 316.

Based upon the prolonged history of this case as well as this Court's rulings and the rulings in the state and workers compensation courts, the Court suspects that the Defendant-providers are utilizing delay tactics in this case in order to seek favorable rulings before the state court and the workers' compensation commission. Also, it should be noted that all issues in this case have not been fully adjudicated in that contract issues remain before this Court and within our jurisdiction. Under these circumstances, in order to protect this Court's judgment, the motion for permanent injunction and stay order will be granted.

## **CONCLUSION**

Based on the foregoing, the motion for permanent injunction and stay order will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this __8th__ day of September, 2009.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE