RECEIVED
IN ALEXANDRIA, LA.
JUN 2 3 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | : | DOCKET NO. 04-2405 |
| VS. | : | JUDGE TRIMBLE |
| DR. CLARK GUNDERSON, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court are two motions: "Motion to Enforce Permanent Injunction and for Civil Contempt and Sanctions" (doc. #370) filed by defendant, First Health Group Corp. ("First Health") and "Defendants' Motion to Clarify April 8, 2009 and November 2, 2009 Injunctions" (doc. #380) filed by defendants Dr. Clark Gunderson ("Gunderson"), Lake Charles Memorial Hospital ("LCMH"), George Raymond Williams, MD Orthopaedic Surgery ("Williams"), Frank W. Lopez, M.D. ("Lopez"), Joseph Turk ("Turk"), D.C., the Barczyk Clinic, a Professional Chiropractic Corporation ("Barczyk"), Fayez K. Shamieh, M.D.("Shamieh"), and Beutler-England Chiropractic Clinic ("Beutler") (collectively referred to as the "Provider Group").

In its motion to enforce, First Health complains that the Provider Group continues to pursue claims previously ruled upon and subsequently enjoined by this Court. Specifically, First Health complains that these defendants continue to pursue their claims, individually and as class representatives in the State Court action entitled <u>Gunderson v. F.A. Richard & Associates, Inc., et al.</u>, Case No. 2004-2417, Fourteenth Judicial District Court. First Health also complains that LCMH and Gunderson have pursued claims prohibited by this Court by participating in a settlement

agreement and receiving a monetary allocation in that same lawsuit with AIGDC, one of First Health's payors. First Health maintains that the Provider Group is in direct violation of the injunctions issued by the undersigned which prohibited these defendants from pursuing any claim in any court as to their claims regarding the notice provisions of Louisiana Revised Statute 40:2203.1.[1] First Health's motion is an attempt to enforce this Court's injunctions. First Health seeks to have this Court rule that the defendants are in contempt and further requests sanctions against the Provider Group and their counsel.

In their motion to clarify, the Provider Group seeks to have this Court clarify its previously issued injunctions and enter an order that specifically excludes claims that are pending in the State Court action. The Provider Group maintains that the "injunctions are not clear"[2] in that First Health is attempting to enjoin the class action. The Provider Group urges this Court to clarify that our intent was not to enjoin any class claims being asserted in the Louisiana class action suit referenced above. The Court finds no basis for clarifying the language of the existing injunctions which prohibit the Provider Group from pursuit of any individual claims against First Health and/or its payors, as limited by contract dates, in any court in the State of Louisiana, as to whether or not First Health is exempt from the notice provisions of the Any Willing Provider Act. Accordingly, to the extent that the Provider Group's motion asks this Court to issue an order excluding any claims that have been asserted in the remanded class action suit, such motion will be denied. While we recognize, as discussed below, distinctions between individual and class claims, were this court to issue the order

---

[1] The injunctions were limited in scope as to particular dates of contracts between the providers and First Health.

[2] R. 380-1 at p.1.

2

requested by the Provider Group, without further qualification, such order would include all the individual claims comprising the universe of class claims.[3] As above, certain specified individual claims by members of the Provider Group, within certain specified date parameters, are indeed enjoined by this Court's prior injunctions of April 8, 2009 and November 2, 2009.

As to First Health's contention that the Provider Group's participation in the 2008 settlement of claims with AIGDC constituted a violation of this Court's injunctions, the Court finds that the engagement and participation by Gunderson and LCMH in that settlement negotiation and receipt of settlement funds for their individual claims against AIGDC did violate this Court's injunction. Specifically, we reject the argument that settlement of a claim does not constitute pursuit of a claim. Without the assertion of a right of action against a defendant party, what basis lies for the offer of settlement?

To the extent that the Provider Group argues that AIGDC is not a payor or that AIGDC's payor status was somehow unclear at the time of the settlement, we reject that argument on the basis of both the provider agreements and the Provider Group's own representations to Louisiana state courts. We find that, by way of the Provider Agreements, the injunctions issued by this Court and testimony that First Health received notice of the proposed settlement, First Health possessed all the information that should have prompted it to either request review of the settlement and its relationship to the injunctions by the state district court or, alternatively, to bring its allegations of contempt against Gunderson and LCMH in this Court at the time notice of the settlement was

---

[3]Gunderson and LCMH's motion to clarify requests, specifically, that "the two permanent injunctions entered by this Court by clarified to include language specifically excluding the Gunderson class action from their scope." R. 380-1 at p. 1.

received.[4] The Court is aware of the benefits received by First Health as a result of the settlement agreement and of First Health's continued interest in protecting that settlement. Indeed, First Health appears to have been motivated not to object to the settlement by the prospect of these benefits, representing the broad release of thousands of claims against it. Although we are aware of the potential standing issue involved in such an objection, we find no cause why First Health could not have requested that the state district court inspect the settlement in light of the injunctive order or, alternatively, why this court was not made aware of the prospective settlement so that our injunction might have been preserved.

Though it argues in support of a contempt finding, First Health is also careful to argue against any ruling that would do damage to the validity of the AIGDC settlement.[5] To find contempt on the part of Gunderson and LCMH while allowing First Health to retain the benefits of the settlement would be unjust. Accordingly, to the extent that First Health's motion seeks a finding of contempt against Gunderson and LCMH on the basis of their participation in the AIGDC settlement agreement, the motion will be denied.

In consideration of the great lengths to which the Provider Group will go to circumvent the clear language of this Court's two existing injunctions, we find it necessary to include some additional language to these injunctions in order to foreclose the possibility of future violations by these defendants. To that end, the Court will issue a supplemental injunctive order addressing the conduct we feel is already enjoined. Again, it is only due to the demonstrated tactics of the Provider

---

[4]The court is aware that the settlement allocation documents were initially filed under seal and that First Health only became aware of the contents thereof in 2009 as a result of First Health's request for the appellate record.

[5]R. 396 at p. 14.

Group that we find such supplemental language necessary.

We now turn to First Health's arguments urging this Court to enjoin Louisiana's Fourteenth Judicial District Court and Third Circuit Court of Appeal from allowing Gunderson, LCMH, Beutler-England and Lopez to continue as class representatives in the Louisiana class action. First Health opposed these parties as class representatives in state district court by filing a motion to decertify, which was denied by that court. First Health appealed that ruling and, recently, the Third Circuit issued its opinion, affirming the trial court, citing the U.S. Supreme Court's reasoning in Sosna v. Iowa.[6] Specifically, the Third Circuit found that Sosna dictates that a class, once certified, possesses a legal status apart from any individual interest belonging to a named plaintiff. Accordingly, the Third Circuit agreed with the trial court's finding that, although Gunderson, LCMH, Beutler-England and Lopez may no longer have live claims against any defendant in the suit, they possessed live claims at the time the class was certified and, thus, the subsequent injunction relating to those claims by this Court did not impact the class post-certification.

First Health asserts that the continued participation of these parties as class representatives in the Louisiana class action threatens its federal due process rights in that, were a class member to decide that Gunderson and company did not provide adequate class representation because of their lack of live claims in the suit, such member could seek to vacate any judgment rendered or reached by settlement, subjecting First Health to further litigation and defense costs. First Health argues vigorously, though without authority, that Gunderson, LCMH, Beutler-England and Lopez are no longer adequate class representatives. Though we sympathize with First Health's logic and can certainly envision more suitable class representatives, we find that this issue is properly before the

---

[6] 419 U.S. 393 (1975).

Louisiana courts, as the class action was remanded by this Court and is now pending before the Fourteenth Judicial District Court, and the Third Circuit has affirmed the district court's ruling on that issue.

With respect to First Health's due process argument, we observe that First Health is not without appellate remedy and may continue to appeal the Provider Group's class representative status to the Louisiana Supreme Court if it chooses.

Finally, given the U.S. Supreme Court's ruling in <u>Sosna</u>, we do not find that the past or continued participation of Gunderson, LCMH, Beutler-England and/or Lopez in the state class action as class representatives before the Louisiana district court constitutes a violation of this court's previous injunctions, as we recognize the distinction between the legal capacity of the class and that of the individuals. First Health has not provided this Court with any evidence that individual claims by Gunderson, LCMH, Beutler-England and/or Lopez have not been removed from the class action. Testimony by counsel for the Provider Group affirms that these claims have, in fact, been removed.[7] Accordingly, to the extent that First Health's motion for civil contempt and sanctions urges a contempt finding based on that conduct, it will be denied.

The court is aware that claims by Williams, Turk, Barczyk and Shamieh are still included in the class action. The Provider Group maintains that the Louisiana district court rendered summary judgment prior to our ruling and injunction which prohibited these specific providers from pursing claims against First Health. The record demonstrates that this is true. First Health has not provided this court with any authority that would support its position and allow us to find contempt on the part of these providers based on retroactive application of our injunction to a prior state court judgment

---

[7]Transcript [R. 388] at 70:23 - 71:6, 20-23.

which has full force and effect until reversed, modified or vacated. To the extent that First Health's motion requests that we find contempt by Williams, Turk, Barczyk and Shamieh based on their continued pursuit of the claims subject to the state district court's summary judgment ruling, it will be denied.

Many times now in this case, the Court has stated its interpretation of applicable law in clear terms. Our consistent rulings as to the Any Willing Provider Act and the Louisiana Workers' Compensation Act are unequivocal and we feel strongly that these findings are correct and should constitute the law of the case. However, this Court will not, except where clear authority exists, infringe on the rights of the litigants to proceed in state court, nor will we, without the same clear authority, infringe on the authority of the state court to adjudicate those matters which fall within their jurisdiction and, therefore, outside our authority to enjoin. In view of the testimony that the individual claims of enjoined parties are no longer included in the Louisiana class action, it would not be appropriate to enjoin the state courts from adjudicating the rights of litigants not affected by this Court's prior injunctions. To the extent that First Health's motion seeks an injunctive order staying proceedings in Louisiana's Fourteenth Judicial District Court and Third Circuit Court of Appeals, it will be denied.

For the reasons stated above, we find that First Health's motion for civil contempt, sanctions and to stay the proceedings in the Louisiana state courts should be denied in all respects. We also find that the Provider Group's motion to clarify this Court's prior injunctions should be similarly denied. The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**June 23, 2010**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

7