UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LIBERTY MUTUAL INS. CO.                   DOCKET NO. 2:04-cv-02405

VERSUS                                    JUDGE TRIMBLE

GUNDERSON ET AL.                          MAGISTRATE JUDGE HANNA

## RULING  ON  MOTION

Currently pending is the motion for leave to file a fourth amended and supplemental complaint for indemnification and breach of contract (Rec. Doc. 411), which was filed by plaintiffs Liberty Mutual Insurance Company, Employers Insurance of Wausau, and Helmsman Management Services, L.L.C. (collectively referred to herein as "Liberty Mutual").  For the reasons explained below, the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was previously stayed while related cases were litigated.  In its recent order lifting the stay (Rec. Doc. 424), the District Court explained the factual and procedural background of this now ten-year-old suit.  Rather than copying the District Court's explanation here, it is adopted by reference.  Notably, the District Court ruled on cross-motions for summary judgment in February 2006.  (Rec. Doc. 96).  In June 2009, the District Court ruled on two additional motions for summary

judgment.  (Rec. Docs. 316, 317, 318).  Because the rulings on the motions for summary judgment resolved most of the issues presented in the original, first, second, and third amended and supplemental complaints, the suit is currently postured so that, if the proposed fourth amended and supplemental complaint is not permitted, the sole issue remaining to be decided is whether defendant First Health Group Corp. owes attorneys' fees and costs to the plaintiffs.  Before that issue can be resolved, however, the undersigned must decide whether the plaintiffs' proposed fourth amended and supplemental complaint should be permitted.

### ANALYSIS

After the expiration of the time periods for amending a complaint as a matter of right, Fed. R. Civ. P. 15(a) permits amendment of a complaint with leave of court. The rule states that "[t]he court should freely give leave when justice so requires." There is, therefore, a presumption favoring amendment.[1]  However, leave to amend is by no means automatic and is within the sound discretion of the trial court.[2]  In exercising its discretion, the district court may deny leave to amend if there is a

---

[1]   *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

[2]   *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981); *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).

substantial reason for doing so.[3]   Numerous cases cite five factors that may be considered in making such a decision:  undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and the futility of the proposed amendment.[4]  These factors are not exclusive, and the district court exceeds the scope of its discretion when it denies a motion for leave to amend without explaining its reasoning.[5]  "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case."[6]

Furthermore, "the touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint."[7]  Therefore, a motion for leave to amend is properly denied when the proposed amendment would, if granted "work a massive

---

[3]     *Mayeaux v. Louisiana Health*, 376 F.3d at 425.   See, also, *State of La. v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995).

[4]     *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5]     *Foman v. Davis*, 371 U.S. at 182.

[6]     *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), on reh'g en banc, 37 F.3d 1069 (5th Cir. 1994), quoting *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987).

[7]     *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

change in the nature and direction of the case"[8] or, in other words, fundamentally alter

the case.[9]  This principle has been illustrated on numerous occasions.

In *Little v. Liquid Air Corp.*, for example, the plaintiff's motion to amend was

denied because the plaintiff sought to amend in order to establish "an entirely new

factual basis for the plaintiffs' claims and, consequently, would have required that the

parties reopen discovery and alter their trial strategies."[10]  Similarly, an amendment

to the complaint was properly denied in *Mayeux v. Louisiana Health Service &*

*Indemnity Company* when "the Plaintiffs were effectively reconstructing the case

anew, after it had been pending in the district court for years and was nearing the

close of extensive discovery,"[11]  The *Mayeux* court relied in part on guidance from

other circuits stating that "when late tendered amendments involve new theories of

recovery and impose additional discovery requirements, courts are less likely to find

an abuse of discretion due to the prejudice involved."[12]

The Fifth Circuit has instructed that, in deciding whether an amendment should

be permitted, "we must determine whether the proposed amendment (1) was merely

---

[8]     *Mayeaux v. Louisiana Health*, 376 F.3d at 427.

[9]     See *Lowrey v. Texas A & M*, 117 F.3d at 246 n. 2.

[10]    *Little v. Liquid Air Corp.*, 952 F.2d at 846.

[11]    *Mayeaux v. Louisiana Health*, 376 F.3d at 427.

[12]    *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case. Amendments that fall into the former category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities. Amendments that fall into the latter category, however, may be denied if the circumstances warrant."[13] This is consistent with the principle that "[u]ndue prejudice to the defendant may result from expanding the allegations of the complaint beyond the scope of the initial complaint."[14] Applying this reasoning, one court properly denied amendment because "added fraud claims would have dramatically altered the subject matter of the suit at a late juncture."[15] There, the court said: "The fraud claims would not have been factually similar to the disgorgement claim and they likely would have required expansive discovery and litigation, thereby delaying resolution of the case."[16]

---

[13]    *Mayeaux v. Louisiana Health*, 376 F.3d at 427 (internal footnote omitted).

[14]    *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999).

[15]    *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012).

[16]    *In re Am. Int'l Refinery, Inc.*, 676 F.3d at 467.

Denial of a motion under Rule 15(a) is appropriate if the delay is "undue" because it prejudices the nonmoving party or places an unfair burden on the court.[17] Although Rule 15(a) does not impose a time limit for permissive amendment, there does come a point at which a plaintiff's delay may be procedurally fatal.[18] At that point, the plaintiff bears the burden of showing that the delay resulted from oversight, inadvertence, or excusable neglect.[19]

Indeed, "[m]ore careful scrutiny is applied to a party's attempt to raise new theories of recovery by amendment when the opposing party has already filed a motion for summary judgment."[20] The Fifth Circuit "has previously emphasized that the fact that a defendant has filed a motion for summary judgment is significant in the determination whether a plaintiff's subsequent motion to amend is timely."[21] Although a pending motion for summary judgment does not in itself extinguish a

---

[17]     *Mayeaux v. Louisiana Health*, 376 F.3d at 427, citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

[18]     *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981).

[19]     *Smith v. EMC Corp.*, 393 F.3d at 595; *Whitaker v. City of Houston*, 963 F.2d at 836; *Gregory v. Mitchell*, 634 F.2d at 203.

[20]     *Parish v. Frazier*, 195 F.3d at 764. See, also, *Little v. Liquid Air Corp.*, 952 F.2d at 846 and n. 2; *Addington v. Farmer's Elevator*, 650 F.2d at 667; *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir. 1967).

[21]     *Little v. Liquid Air Corp.*, 952 F.2d at 846, citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987), and *Addington v. Farmer's Elevator*, 650 F.2d at 667.

plaintiff's right to amend a complaint, the existence of a motion for summary

judgment is a factor to be considered when deciding whether a subsequent motion to

amend is timely.[22] In *Addington v. Farmer's Elevator Mut. Ins. Co.*, for example, the

court noted that the motion for leave to amend, which attempted to establish a new

factual basis and legal theory for a collateral attack on a judgment, was filed after the

defendant filed a motion for summary judgment and "if granted, would in all

likelihood, have caused prejudice to the defendant."[23] Consistently, "the Fifth Circuit

has consistently denied efforts to amend complaints that attempt to revive matters

previously resolved."[24]

In this case, Liberty Mutual contends that the fourth amended complaint should

be allowed because "it asserts the same or similar indemnification claims already

pending" (Rec. Doc. 411 at 2), because the three proposed new plaintiffs "are

corporate affiliates of Liberty Mutual" (Rec. Doc. 411 at 2), because the three

---

[22]     *Little v. Liquid Air Corp.*, 952 F.2d at 846 n. 2.

[23]     *Addington v. Farmer's Elevator*, 650 F.2d at 667.

[24]     *Waldron v. Adams & Reese, LLP*, No. 2:11-CV-074, 2011 WL 1636938, at *9 (W.D. La. Apr. 28, 2011) aff'd sub nom. *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455 (5th Cir. 2012), citing *Martin's Herend Imports, Inc. V. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (where the court noted that the amendment was "merely attempting to argue the same theory that failed" in earlier litigation.) See, also, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (affirming denial of motion for leave to amend where, among other things, record reflected that motion was interposed by plaintiff in an effort to avoid a previously filed summary judgment motion).

proposed new defendants "are corporate affiliates of First Health" (Rec. Doc. 411 at

3), because the current defendant was previously placed on notice of these potential

claims and therefore is not prejudiced (Rec. Doc. 411 at 3), and because considering

"the new claims asserted in the Fourth Amended Complaint at the same time in this

case will promote judicial efficiency."  (Rec. Doc. 411-1 at 3).

Defendant First Health opposes Liberty Mutual's motion, arguing that the

proposed amendment fundamentally alters the case.  "The Fourth Amended

Complaint proposes to expand this case to include attorney fee claims for potentially

thousands of Louisiana OWC suits involving newly-named Liberty affiliates.  This

Court thus will be required to examine each OWC action to determine what was

alleged, which of several possible contracts was implicated, and what was

determined."  (Rec. Doc. 425 at 5).  First Health also argues that the proposed

amended complaint alleges a new breach allegation, references a Network Access

Agreement that was not in place when the case was filed or when the first summary

judgment motion was decided, and adds new theories of liability under Illinois law

for implied, equitable, legal, and/or tortious indemnity.  (Rec. Doc. 425 at 5).

Summarizing, First Health argues that "Liberty seeks to add three new affiliates to

pursue their attorney fee claims in additional OWC cases under a new contract, based

on new allegations of breach, and new legal theories, undoubtedly triggering new

defenses and possible counterclaims.  This is not an amendment; it is a new case."
(Rec. Doc. 425 at 7).

The undersigned finds First Health's arguments to be persuasive.  The addition
of new plaintiffs and new defendants after ten years of litigation appears – without
more – to be a fundamental alteration of the case.  Although Liberty Mutual suggests
that the proposed parties are "corporate affiliates" of existing parties, that does not
mean that they automatically stand in the shoes of the current plaintiffs or the current
defendants nor does it mean that the summary judgment rulings already entered will
apply with equal force to the proposed new plaintiffs or the proposed new defendants.
Contract claims were asserted by the plaintiffs in their earlier complaints; therefore,
it will be necessary to determine, at a minimum, whether the proposed new parties are
bound by the relevant contracts.  This will require extensive discovery and will likely
necessitate extensive motion practice to determine whether the new parties are parties
to the relevant contracts or are in privity with the original parties, whether because
they are successors-in-interest to original parties, alter egos of original parties,
comprise a single business enterprise along with one or more original party, or have
some other relevant type of factual or contractual relationship.  Merely representing
that the new parties are "corporate affiliates" of existing parties is insufficient to
establish that there is a valid basis for adding the new parties to the suit.

Furthermore, if the amendment is permitted, Liberty Mutual will be adding new claims not previously encompassed by the prior complaints.  This is clarified in Liberty Mutual's contention that the proposed amendment "asserts the same *or similar* indemnification claims." (Rec. Doc. 411 at 2 [emphasis added]).  This is also apparent from the very fact that an amendment has been proposed.  If the claims being asserted in the proposed amendment were identical to those already asserted, there would be no need for an amendment.

To the extent that "similar claims" rather than the "same claims" are being asserted, Liberty Mutual is seeking to add new claims, and those claims are sought to be added after ten years of litigation and the resolution of four motions for summary judgment.  In essence, Liberty Mutual is therefore seeking to institute a new lawsuit.  It is likely, however, that if Liberty Mutual had sought to assert these new claims in a new suit rather than in the form of the proposed amendment, it would have been met with a *res judicata* challenge.

"The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[25]  Claim preclusion, or true res judicata, bars the litigation of claims that

---

[25]     *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).

either were litigated or could have been litigated in an earlier action.[26]   The test for

res judicata has four elements:  (1) the parties are identical or in privity; (2) the

judgment in the prior action was rendered by a court of competent jurisdiction; (3) the

prior action was concluded by a final judgment on the merits; and (4) the same claim

or cause of action was involved in both actions.[27]   A transactional test is used to

determine whether two suits involve the same cause of action.[28]   Under that test, "a

prior judgment's preclusive effect extends to all rights of the plaintiff with respect to

all or any part of the transaction, or series of connected transactions, out of which the

original action arose."[29]   This test is satisfied when the two actions are based upon the

same nucleus of operative facts.[30]   If so, then "the preclusive effect of a prior

judgment extends to all rights the original plaintiff had with respect to all or any part

of the transaction, or series of connected transactions, out of which the original action

---

[26]     *Test Masters v. Singh*, 428 F.3d at 571; *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004); *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

[27]     *Test Masters v. Singh*, 428 F.3d at 571.

[28]     *Test Masters v. Singh*, 428 F.3d at 571.

[29]     *Test Masters v. Singh*, 428 F.3d at 571.

[30]     *Test Masters v. Singh*, 428 F.3d at 571.

arose."[31]  Claims arising out of the same or related contracts may arise out of the same

nucleus of operative facts.[32]

If, as Liberty Mutual argues, the new claims are the same as the claims asserted

earlier in this litigation, they would likely be barred by claim preclusion since merits-

based decisions have already been reached with regard to all but the attorney's fees

claims.  And if, as Liberty Mutual alternatively argues, the new claims are similar to

those previously asserted because they had the same transactional basis, then those

claims also would likely be barred by claim preclusion.

The second preclusion doctrine is collateral estoppel or issue preclusion.[33]

"Issue preclusion, or collateral estoppel. . . promotes the interests of judicial economy

by treating specific issues of fact or law that are validly and necessarily determined

between two parties as final and conclusive."[34]  Under this doctrine, "[w]hen an issue

---

[31]     *Petro-Hunt v. United States*, 365 F.3d at 395-96 (internal punctuation omitted).

[32]     See, e.g., *Matter of Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993).

[33]     "When a federal court sitting in diversity is considering the collateral estoppel effect
of a prior federal judgment, this Circuit applies federal common law." *Rabo Agrifinance, Inc. v.
Terra XXI, Ltd*., 583 F.3d 348, 353 (5th Cir. 2009), quoting *Reimer v. Smith*, 663 F.2d 1316, 1325
n. 9 (5th Cir. 1981). "To establish collateral estoppel under federal law, one must show:  (1) that the
issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been
actually litigated in the prior litigation; and (3) that the determination of the issue in the prior
litigation has been a critical and necessary part of the judgment in that earlier action." *Rabo
Agrifinance, Inc. v. Terra XXI, Ltd*., 583 F.3d at 353.

[34]     *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."[35] When analyzing the applicability of collateral estoppel, the subject matter of the later suit need not have any relationship to the subject matter of the earlier suit.[36] Thus, to the extent that any of the claims set forth in the proposed amended complaint require the resolution of issues that were actually decided already, collateral estoppel will likely preclude relitigation of those issues.

The undersigned therefore anticipates that, if the proposed amendment were permitted, litigation would ensue concerning the preclusive effect of the four summary judgment rulings already entered.

The undersigned finds that, by seeking to amend the complaint for a fourth time, Liberty Mutual is attempting to expand the scope of the existing litigation beyond the parameters of the prior complaints and, if permitted, this would result in a fundamental alteration of the case.

Although Liberty Mutual argues that current defendant will not be prejudiced if the amendment is permitted because the current defendant was previously placed

---

[35]    *Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013), quoting Restatement (Second) of Judgments § 27 (1982).

[36]    *Kariuki v. Tarango*, 709 F.3d at 506; *United States v. Shanbaum*, 10 F.3d at 311.

on notice of these potential claims, Liberty Mutual does not explain why these allegedly known and extant claims were not asserted earlier in the litigation.  The litigation commenced in 2004, summary judgment rulings were entered in 2006 and 2009, and the suit record shows that there was no activity whatsoever from at least September 2011 until January 2014 while the matter was stayed.  Liberty Mutual has had every opportunity to assert whatever claims it might have had.  Its failure to do so before cross-motions for summary judgment were decided suggests that the claims sought to be added now are sufficiently attenuated from those asserted earlier as to constitute claims beyond the scope of the earlier complaints.  While the goal of promoting judicial efficiency is laudatory, that goal should not be pursued at the cost of joining attenuated claims.

Promoting judicial efficiency must also give way to preventing prejudice to the parties in the lawsuit.  The undersigned finds that First Health would be unduly prejudiced if the allegations of the complaint were expanded in the manner proposed by Liberty Mutual in its motion for leave.  Adding new plaintiffs, new defendants, and new claims after ten years of litigation and multiple summary judgment rulings is simply not fair.  Therefore, permitting the proposed amendment is unwarranted.

For these reasons, Liberty Mutual's motion for leave to file a fourth amended and supplemental complaint for indemnification and breach of contract (Rec. Doc. 411) is DENIED.

Signed at Lafayette, Louisiana, this 19th day of May 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE